278 So.2d 370

**DALE MOTELS, INC., a corp. (doing business in Alabama)**

v.

**Beulah Woodruff CRITTENDEN.**

**Civ. 149.**

Court of Civil Appeals of Alabama.

May 2, 1973.

Rehearing Denied May 30, 1973.

Steagall & Adams, Ozark, for appellant.

Edward W. Drinkard, Prattville, for appellee.

HOLMES, Judge.

This is a suit under the Alabama Workmen's Compensation Law (Code of Alabama 1940, Tit. 26, § 253 et seq.), instituted by appellee against her employer, to recover compensation for injuries and resulting disability which she alleged were caused by an accident arising out of and in the course of her employment.

In May of 1972, a hearing was held without a jury and thereafter, in the same month, the trial judge made a finding against the appellant-employer and made an award to appellee. Thereafter, the appellant filed a petition for writ of certiorari to this court which was granted and the case was reversed and remanded. The reasons for our action in reversing and remanding are set out in Dale Motels, Inc. v. Crittenden, 49 Ala.App. 51, 268 So.2d 834.

The cause again came before the trial court and the court found appellee-employee was permanently disabled as a result of her injuries within the meaning of Tit. 26, § 279(E), par. 3, Code of Alabama 1940, as amended. Appellee was awarded compensation for a period of 400 weeks. From this judgment appellant sought review in this court by certiorari, which was granted. The case was submitted to this court on April 16, 1973.

Tendencies of the evidence indicate the following:

The appellee was employed by appellant as a waitress and while in the course of her employment her right foot was stepped on by another person. She was seen by a local physician who treated her and then recommended that she see Dr. Engelhardt, an orthopedic surgeon located in Montgomery. Appellant testified that at the time she was referred to Dr. Engelhardt her foot was swollen and the circulation was "bad." Further, that she could not turn her ankle.

Dr. Engelhardt prescribed a cast and crutches for appellee. The cast remained for a period in excess of one month and was removed in January of 1970. She was on crutches for 6 to 8 weeks after the removal of the cast. Appellee testified she was confined to a hospital in January of 1970 for "sympathetic nerve block" and returned to the hospital again in May of

1970 for the same reason. (Sympathetic nerve block is a treatment for Sudeck's atrophy. See Lawyer's Medical Cyclopedia, Vol. 2, p. 340.) She was given physical therapy during both of her hospital visits.

Appellee described her condition at the time of trial as being unable to walk without a cane, and she falls frequently when attempting to walk because her foot will not bend. Further, if she remains on her feet for a period in excess of 30 minutes the foot swells, and that she experiences pain and is nervous.

The further tendencies of the evidence reveal that appellee's only employment has been as a waitress and cook; that she has engaged in her occupation since 1945; that prior to the injury she had attempted to work in a sewing plant, but did not have the ability to perform this type of work. Appellee was approximately 40 years old at the time of her injury.

After her injury she was referred by the Alabama Employment Service to a rehabilitation center and attended this center for approximately 5 months. She could not complete the rehabilitation program because she could not sit with her feet on the floor because of the pain and, further, she was nervous.

She, however, did learn some bookkeeping or "posting" and the only employment she has performed since the accident is "posting" for her husband who owns a truck and hauls for other people. It does not appear the appellant has been compensated for this work.

The medical evidence introduced by the employee revealed that Mrs. Crittenden suffers from a Sudeck's atrophy of the right foot with a 75% physical impairment of the right foot and ankle. (Sudeck's atrophy is a rapid progressive osteoporosis [washing out of bone] involving usually the fingers and toes of an extremity which has been slightly or severely damaged. The constant persistent pain, limitation of joint motion, cyanosis [blueness], shiny skin, and swelling often are resistant to all forms of treatment and the end results are only fair. See Lawyer's Medical Cyclopedia, Vol. 2, p. 339; also Revised Vol. 1, p. 517; also Traumatic Medicine And Surgery For The Attorney, Vol. 2, p. 212.)

Medical evidence introduced by the petitioner-employer was to the effect that the employee had an acute and chronic metatarsalgia of the right foot; that her condition would result in a 5% to 10% disability of the right foot. (Metatarsalgia might be best described in layman's terms as an anterior foot strain.)

From the above evidence the trial court made a finding of fact and conclusion therefrom as required by Tit. 26, § 304, Code of Alabama 1940, that the employee's disability of her right foot extends beyond the loss or use of one member and is accompanied by other physical disabilities, including sympathetic nerve block, and further, that her disability prevents her from doing work as a waitress or obtaining any profitable employment and is permanently and totally disabled under the provisions of Tit. 26, § 279(E), par. 3, Code of Alabama 1940, as amended.

Assignments of error and argument of counsel for the appellant-employer are that the trial court erred to reversal in finding that the employee was totally disabled under Tit. 26, § 279(E), par. 3, Code of Alabama 1940, in that the award of any compensation in this instance was due to have been made under the schedule as set out in Tit. 26, § 279(C), par. 1, Code of Alabama 1940.

Tit. 26, § 279(C), par. 1, Code of Alabama 1940, provides a schedule of compensation for disability resulting from the loss of certain members. Our supreme court, in Leach Manufacturing Co. v. Puckett, 284 Ala. 209, 224 So.2d 242, recognized that even though there are scheduled benefits, such schedule is not and should not be exclusive. See Brunson Milling Co. v. Grimes, 267 Ala. 395, 103 So.2d 315.

However, a variation from the scheduled benefits under § 279(C), par. 1 of Tit. 26, Code of Alabama 1940, may be allowed when there are resulting injuries, the effects of which extend to other parts of the body and interfere with their efficiency. Leach Manufacturing Co. v. Puckett, *supra*.

It is necessary in this instance to reiterate the well established rule in this court that on certiorari to review judgments in workmen's compensation cases, this court does not look to the weight of the evidence as to any fact found by the trial court, but looks to see if there is any evidence to support the facts found by the trial court. Tiger Motor Co. v. Winslett, 278 Ala. 108, 176 So.2d 39.

In this instance, is there any evidence to support the trial court in its determination and judgment that the injury to appellee extended beyond a mere ankle or foot? We believe there is such evidence.

As noted herein above, the appellee testified that she is experiencing considerable pain; that she is unable to stand on her feet for more than 30 minutes without her foot swelling; she cannot walk without a cane; she falls frequently when attempting to walk; she is nervous. Able and experienced counsel for appellant contends that all of such evidence is from the appellee herself and is not supported by expert medical testimony. Counsel may indeed be correct.

However, the supreme court, in Kroger Co. v. Millsap, 280 Ala. 531, 196 So.2d 380, stated that in a workmen's compensation case the testimony of experts is not conclusive on the trial court even though such testimony may be uncontroverted. See Henderson v. Johnson, 49 Ala.App. 191, 269 So.2d 905.

There is, therefore, some evidence the employee sustained an injury to the foot, the *effects* of which extended beyond a mere injury to the foot and affected other parts of her body or even her whole body. See Warrior Stone and Contracting Co. v. De Foor, 241 Ala. 227, 2 So.2d 430.

As the Alabama Supreme Court said in Bell v. Driskill, 282 Ala. 640, 213 So.2d 806, even though the injury itself is to only one part or member of the body, if the effect of such injury extends to other parts of the body, and produces a greater or more prolonged incapacity than that which naturally results from the specific injury, or the injury causes an abnormal and unusual incapacity with respect to the member, than the employee is not limited in his recovery under the workmen's compensation law to the amount allowed under the schedule for injury to one member.

In Bell v. Driskill, *supra*, we find the following:

"The question of the exclusiveness of schedule allowances in Workmen's Compensation Laws is discussed in 2 Larson, Workmen's Compensation Law, § 58.20, pp. 44–45, where it is stated:

" 'The great majority of modern decisions agree that, if the effects of the loss of the member extend to other parts of the body and interfere with their efficiency, the schedule allowance for the lost member is not exclusive. A common example of this kind of decision is that in which an amputation of a leg causes pain shooting into the rest of the body, general debility, stiffening of the hip socket, or other extended effects resulting in greater interference with ability to work than would be expected from a simple and uncomplicated loss of the leg.'

"This same problem is treated in an annotation in 156 A.L.R. 1344, where the rule is said to be as follows:

" 'The rule, however, is well established that where an employee has received a specific injury which spreads to other parts of the body and pro-

duces a greater or more prolonged incapacity than that which naturally results from the specific injury, or the injury causes an abnormal and unusual incapacity with respect to the member, the employee is not limited to a recovery of the special allowance provided for in case of injury to a specific member or members, but may recover under the provisions of the act for compensation in case of disability.' "

(282 Ala. at 645, 213 So.2d at 810, 811)

 Here again, as shown above, there is some evidence that the effects of the injury have produced a greater interference with the ability to work than would be expected from a simple and uncomplicated loss of the use of a foot. The appellee was a waitress and had been for more than 20 years. It was virtually the only work she had ever done and apparently the only work for which she was capable.

 The supreme court, in Brunson Milling Co. v. Grimes, *supra*, stated that total disability within the Workmen's Compensation Act does not mean absolute helplessness or entire physical disability, but means inability to perform the work of one's trade or inability to obtain reasonably gainful employment.

There is evidence that appellee cannot perform the work of her trade.

 Again, we advert to the well established rule that, on certiorari in workmen's compensation cases, where there is any legal evidence, or reasonable inference therefrom, to support the finding of facts of the trial court, such finding is conclusive and the judgment thereon will not be disturbed. 19A Ala.Dig., Workmen's Compensation, Key 1940. Furthermore, the Workmen's-Compensation Act should be given a liberal construction to accomplish its beneficent purposes. City of Foley v. Terry, 278 Ala. 30, 175 So.2d 461.

We cannot, in view of the above, say that a finding that appellee was permanently disabled within the meaning of Tit. 26, § 279(E), par. 3, Code of Alabama 1940, is unsupported by the evidence.

Appellee has filed with this court a motion to strike certain portions of appellant's reply brief.

In view of our affirmance of this case appellee's motion is denied.

All assignments of error having been considered, the case is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.