308 So.2d 252

**CITY OF MOULTON, a Municipal Corp.**

**v.**

**Bueford David PEARSON.**

**Civ. 436.**

Court of Civil Appeals of Alabama.

Feb. 12, 1975.

Dunn, Porterfield, McDowell, Scholl & Clark, Birmingham, for appellant.

W. H. Rogers, Moulton, for appellee.

HOLMES, Judge.

This is a workmen's compensation case.

The dispositive issue presented by this appeal is whether the Circuit Court of Lawrence County erred in finding the employee-appellee "totally and permanently disabled" and awarding compensation accordingly.

We find it did not err in so finding.

The tendencies of the evidence, as revealed by the record, show that the employee was a thirty-nine year old, married policeman for the City of Moulton, Alabama; that he had been so employed for several years; his formal education ceased at the seventh grade; and the only other employment appellee had ever engaged in was farming and what might be best described as semiskilled auto repair work.

The employee, who was "run-over" while performing his official duties, testified his left knee was crushed; his left hip and right leg were "broken." Additionally, the employee stated he could not bend his left leg at the knee "joint" as he is now completely without a left knee. He further stated he could not bend his right leg "all the way" and had some trouble with this hip. His left leg is now shorter than his right leg. The employee at the time of trial could not walk without the aid of crutches.

The injuries sustained by appellee required him to be hospitalized for over three and one-half months. In addition to this three and one-half month stint, he has had to return to the hospital twice and it will be necessary for him to return at least once more.

The employee sustained the injuries complained of in 1972; trial was held in 1974. The effect of the testimony of employee was that he has not been able to work since he was injured.

The testimony of appellee further reveals that he had no skills or training in

any craft, no sales experience and could not operate any type of business machine.

The only other witness to testify was the physician who treated employee. The employer presented no witness.

The doctor, whose deposition was introduced by the employee, stated that employee was badly injured, suffering an intertrochanteric fracture of the left femur, mid-shaft fracture of the right femur, and a fracture of the left tibia at the knee. In other words, employee had a broken leg and hip, and a crushed knee. Additionally, the doctor stated that employee sustained a 15% body functional disability to the right thigh and approximately 60% disability to the left lower extremity due to the knee. The doctor further testified that the employee had a 25% to 30% disability to the body as a whole. However, he specifically stated that these percentages did not take into account what the employee, in fact, did or was trained to do, but were strictly functional disabilities.

As noted earlier, able counsel for appellant-employer contends that there is no evidence to support the trial judge's finding that the employee was totally and permanently disabled, arguing that employee's loss should be confined to the substantial loss of the left leg.

■ We have reviewed the evidence in light of the well established rule of law that on certiorari to review judgments in workmen's compensation cases, the appellate court does not look to the weight of the evidence as to any fact found by the trial court, but looks to see if there is any evidence to support the facts found by the trial court. Tiger Motor Co. v. Winslett, 278 Ala. 108, 176 So.2d 39; Dale Motels, Inc. v. Crittenden, 50 Ala.App. 251, 278 So.2d 370.

■ Furthermore, as we stated in Dale Motels, Inc. v. Crittenden, *supra,* quoting from Brunson Milling Co. v. Grimes, 267 Ala. 395, 103 So.2d 315, total disability within the Workmen's Compensation Act does not mean absolute helplessness or entire physical disability, but means inability to perform the work of one's trade or inability to obtain reasonably gainful employment.

■ Additionally, as our supreme court said in Bell v. Driskill, 282 Ala. 640, 213 So.2d 806, even though the injury itself is to only one part or member of the body, if the effect of such injury extends to other parts of the body, and produces a greater or more prolonged incapacity than that which naturally results from the specific injury, or the injury causes an abnormal and unusual incapacity with respect to the member, then the employee is not limited in his recovery under the workmen's compensation law to the amount allowed under the schedule for injury to one member.

■ Applying the above to the instant appeal, we find that there is some evidence to support the trial judge's finding as to permanent disability. The appellee specially testified as to his limited employment history and training and that he could not work at this time. Additionally, it is clear that there was evidence that appellant suffered injuries to his left hip [a nonscheduled injury], his right leg and left leg or knee. This testimony meets the criterion set out in Bell v. Driskill, *supra.* Put another way, one view of the evidence reveals multiple injuries, some scheduled and some not, and almost complete incapacity, considering the employability of appellee.

In view of the above, we cannot say that a finding that appellee was permanently disabled is unsupported by the evidence.

All assignments of error having been considered, the case is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.