325 So.2d 182

**MOBILE PAINT MANUFACTURING COMPANY**

v.

David A. CROWLEY.

Civ. 668.

Court of Civil Appeals of Alabama.

Dec. 31, 1975.

Michael D. Knight, Mobile, for petitioner.

**674**

Cunningham, Bounds & Byrd, Mobile, for respondent.

HOLMES, Judge.

This is a workmen's compensation case from the Circuit Court of Mobile County, Alabama.

The trial court in its decree found that the plaintiff-appellee, David A. Crowley, sustained a 50% permanent partial disability and a corresponding loss of earning capacity. The disability resulted from an accident which occurred in the course of his employment with Mobile Paint Manufacturing Company. The trial court ordered that Crowley recover of the employer $55 per week for 271 weeks as compensation. The employer appeals from this decree.

The issues before us are whether certain erroneous findings of fact in the trial court's decree require the remand of this cause and whether there is any evidence to sustain the trial court's determination that Crowley suffered a 50% permanent partial disability and corresponding loss of earning capacity.

The tendencies of the evidence as revealed by the record are as follows:

Plaintiff-appellee David A. Crowley graduated from Tulane University in June of 1969 with a B. S. degree in chemistry and began work in July as an industrial chemist with the employer, defendant-appellant Mobile Paint Manufacturing Company. His duties required him to load a paint mill approximately once a week. The loading process entails lifting the mill, which weighs approximately 175 pounds.

On or about May 15, 1970, Crowley experienced sudden pain in his lower back while he was lifting the mill. He continued to experience persistent, severe back pain throughout the next two months, and in July if 1970 he sought the assistance of Dr. Lloyd Russell, an orthopedic surgeon. Dr. Russell diagnosed Crowley as suffering from a spondylolysis at the lowest lumbar vertebra, meaning essentially that there was a congenital defect of that vertebra, and from ruptured discs. The disc rupture

had occurred when Crowley lifted the paint mill. He prescribed that Crowley wear a supportive back brace and instructed him in techniques designed to protect and strengthen his back.

These measures failed to improve Crowley's condition. With the exception of loading paint mills, he was able to perform his job duties as before, but he was occasioned considerable pain by the fact that these duties required him to stand for much of his work day. Dr. Russell finally advised Crowley that the only treatment which could provide him with relief would be a spinal fusion and disc excision. In April of 1971, he underwent surgery for those purposes.

Crowley was hospitalized for thirty-one days recuperating from the operation and underwent an extended period of convalescence during which his activities were extremely restricted. He did not return to his job after the surgery, and in August of 1971, he entered the University of Alabama Law School. When the employer failed to pay Crowley the workmen's compensation benefits to which he considered himself entitled, this litigation ensued.

The trial court in its decree made detailed findings of fact as required by Tit. 26, § 304, Code of Ala. 1940. Specifically found were that Crowley suffered a fractured vertebra and that he had not been gainfully employed since the accident which caused his injury.

As noted above, the evidence tends to show that Crowley's injury was a ruptured disc rather than a fractured vertebra. Furthermore, the evidence shows without dispute that Crowley worked between the times of the accident and his subsequent surgery, terminating his employment only after the operation.

The employer, through able counsel who has favored this court with an excellent brief, contends that these erroneous findings of fact in the trial court's decree are fatal to Crowley on this appeal. For the reasons stated below, we do not agree.

While we are not unmindful of the cases holding that findings unsupported by any legal evidence cannot be made the basis for an award of compensation, this principle cannot be properly applied to the instant case. From the evidence, the compensation award here is not in fact predicated on the erroneous findings.

■   The basis for the award, in this instance, was that Crowley sustained an injury to his back resulting in a 50% permanent partial disability and loss of earning capacity. The loss of earning capacity is supported by the evidence, as discussed *infra*, whether the back injury was caused by a fractured vertebra or by a ruptured disc. It is therefore, in this instance, inconsequential specifically which type of trauma in fact occurred. The finding of a fractured vertebra, as opposed to a ruptured disc, not being essential to the conclusion of a 50% loss of earning capacity, the employer was not harmed by the trial court's error. See Rule 45, Alabama Rules of Civil Procedure; also, *Misco, Inc. v. Driver*, 50 Ala.App. 256, 278 So.2d 374. Additionally, *Unexcelled Mfg. Corp. v. Ragland*, 52 Ala.App. 57, 289 So.2d 626, cited to us by counsel for plaintiff-appellee, is authority for this position.

■   The mistaken finding that Crowley had not worked since the accident was also not a material basis for the award. We cannot perceive how the ultimate conclusion regarding extent of lost earning capacity would differ if the trial court had found what actually transpired, i. e., that Crowley had not worked since the operation. The conclusion being unaffected by the trial court's error, the employer is not harmed. *Unexcelled Mfg. Corp. v. Ragland, supra.*

Finally, the employer argues that there is no evidence to support the trial court's determination that Crowley sustained a

50% permanent partial disability and loss of earning capacity. We disagree.

 We are required to review this matter with the well established rule in mind that on certiorari to review judgments in workmen's compensation cases, this court does not look to the weight of the evidence as to any fact found by the trial court, but looks to see if there is any evidence to support the facts which the trial court found. *Tiger Motor Co. v. Winslett*, 278 Ala. 108, 176 So.2d 39; *Dale Motels, Inc. v. Crittenden*, 50 Ala.App. 251, 278 So.2d 370.

So viewing the instant appeal, we find the following testimony to support the trial court's conclusion that the employee suffered a 50% permanent partial disability and corresponding loss of earning capacity. The testimony of the attending physician was that the employee had undergone a spinal fusion, and that the physical disability was 25% of the spine which resulted in a 20% physical disability of the body as a whole. There was testimony that the only work the employee was trained for was that of an industrial chemist; that an industrial chemist is required to lift heavy items, and must stand on his feet for long periods of time. Further testimony was that the employee cannot stand for a long period of time; that he experiences pain when sitting for any period of time, and that the only way the pain can be alleviated is by lying on his side. On the date of the trial in this case the employee was still experiencing low back pain and fatigued easily. There was also testimony that the employee cannot do any physically strenuous work and that the employee has not worked since the operation.

 With the above evidence before the trial court, this court cannot say that the lower court erred to reversal in finding the employee to have a 50% permanent partial disability and corresponding loss of earning capacity.

All assignments of error having been considered, the case is due to be and is affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.