This is a workmen's compensation case. From a judgment for the employer the injured employee appeals.
Title 26, § 294, Code of Ala. 1940, provides that every injured employee shall, within five days of the occurrence of the accident, give or cause to be given to the employer written notice of the accident. Failure to give such notice results in forfeiture of the benefits to which the injured employee is otherwise entitled unless such failure falls within one of the statutorily enumerated exceptions.
The principal issue in this case is whether the plaintiff-appellant, Luther Legg, complied with the notice to employer provision of the statute.
The transcript of the evidence before this court reveals the following:
On March 24, 1976, the date of the alleged injury, Luther Legg was employed as a machine operator by the defendant company. On that date, he reported to work for the third shift, which meant that he was to work from 11:00 P.M. until 7:00 A.M. The employee testified that shortly after his shift commenced, while he was attempting to change a part in the machine where he was assigned as operator, he slipped and thereby injured his back. Immediately after the mishap, Legg complained of back pain to another machine operator who recommended that he rest until the pain subsided. Legg worked throughout the remainder of the shift, resting intermittently to obtain relief from the back pain.
On the day following the accident, Legg saw a physician who prescribed medicine and rendered treatment to him for approximately three weeks, during which time he *Page 1122 
continued to work. Thereafter, on the 22nd or 23rd of April, Legg consulted another physician who diagnosed his injury as a herniated disc. On May 2, surgery was performed to remove the disc, and the operating physician testified that appellant had suffered a ten percent loss of function of the body as a whole as a result of the accident. The appellant's absence from his place of employment resulting from his injury totaled approximately twelve weeks.
The employee testified that he informed his "lead man" or group leader, Blair Davis, of his injuries on the night of the accident, albeit Davis at the time of trial had no recollection of having received such information. Appellant's only other direct communications with his employer concerning the accident transpired subsequent to the operation on June 4 and June 18, 1976, nearly three months after the alleged injury. On the former date, Legg filed a claim for workmen's compensation benefits through J.D. Yeager, the personnel manager of Americold Compressor Company, defendant-appellee. Legg did not at this time or at any time subsequent thereto indicate that his injuries were work related. Moreover, on the latter date, Legg made a statement to Dwight Cagle, a representative of appellee's insurance carrier, to the effect that he had had no accident during his regular shift on the 24th of March.
Against this background, the trial court found that Americold did not receive notice of injury as contemplated by § 294 of the statute.
As shown by a recitation of the evidence, the appellant did not provide the written notice contemplated by the statute. However, he maintains that his oral communication to Blair Davis provided appellee with actual notice of his injury, thereby excusing his giving written notice.
The law in Alabama is clear that written notice will not be required where it is shown that the employer has actual knowledge of the injury. Ex parte Stith Coal Co., 213 Ala. 399,104 So. 756; Speigner v. McGhee, 55 Ala. App. 384,316 So.2d 215; B.F. Goodrich Company v. Martin, 47 Ala. App. 244,253 So.2d 37, cert. denied, 287 Ala. 726, 253 So.2d 45. Knowledge of the injury may be obtained in various ways. Witnessing of the injury by a supervisory employee has been held sufficient to excuse written notice, 3 Larson, Workmen's Compensation Law, § 78.31 (a), although notice of the injury to a mere co-employee is not sufficient. Sloss-Sheffield Steel and IronCo. v. Keefe, 217 Ala. 409, 116 So. 424. We do not here decide whether the employee's alleged communication to his group leader would suffice to charge the appellee company with knowledge of the information contained therein, for that issue is not before us. Put another way, the evidence regarding this communication is in conflict. The judgment of the trial court stated that "Plaintiff [appellant] failed to give notice to defendant as required under the Workmen's Compensation Act."
The issue becomes whether there is any legal evidence to support such ruling, for, as stated by this court in B.F.Goodrich Company, supra:
 "Our review by certiorari does not perform the functions of an appeal. The weight or preponderance of the evidence or whether the finding of fact by the trial court is proper is not before us on review by certiorari. We must accept such finding if it is supported by any legal evidence. . . ." (47 Ala. App. at 250, 253 So.2d at 43)
Accord Beatrice Foods Company v. Clemons, 54 Ala. App. 150,306 So.2d 18; City of Moulton v. Pearson, 54 Ala. App. 340,308 So.2d 252. Similarly, in Davis-Day Timber Company, Inc. v.Gentry, 54 Ala. App. 385, 389, 309 So.2d 97, 100, 101, this court in referring to review of workmen's compensation cases on certiorari declared:
 "Where testimony is conflicting but there is testimony supporting finding of trial court in workmen's compensation proceedings, such finding is conclusive."
Review of the record reveals evidence to support the finding of the trial court. Although appellant did testify that *Page 1123 
he told Davis of his injury, the latter stated that he did not remember Legg's apprising him of the injury. Furthermore, the employee, although he continued to work for three weeks immediately after the accident, never informed the company of the mishap. Nor could he testify with certainty that he had even told any of the physicians who treated him how the injury occurred. In fact, the only direct communications with the company concerning the injury occurred nearly three months after the injury and more than a month after the surgery. In neither instance did Legg inform the company that the source of his back injury was a work related accident. Moreover, on June 18, he even stated that he didn't have any problems or accident during his regular shift on March 24.
As previously stated, we do not weigh the evidence upon review by certiorari. We determine whether there is any
evidence to support the finding of the trial court. Here, the existence of such evidence is manifestly apparent. The judgment is therefore due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.