This is a workmen's compensation case.
Plaintiff, John Leslie Stinson, Jr., was employed by UPS as a truck driver to deliver packages. On November 11, 1978, while so employed, Stinson attempted to close a bulkhead door in the delivery vehicle and dislocated one of his shoulders. A passerby helped him get the shoulder back in place and he completed the day's deliveries. Upon returning to the home office that evening, Stinson testified that he reported the injury to one or both of his supervisors. These two supervisors deny that Stinson reported to them that he had been injured.
Stinson continued to work as a parcel delivery truck driver through Christmas Eve of 1978 when he was laid off. Stinson was not called back to work for UPS until February 1979.
Stinson testified that he continued to have problems with his shoulder through the first part of 1979. In April of 1979 he consulted Dr. Rutledge, an orthopedic surgeon in Mobile, Alabama. An operation was suggested but it was delayed until August of 1979. During the time from February 1979 to August 1979, Stinson worked for UPS but not on a continuous basis.
In August 1979 surgery was performed on Stinson's shoulder and he was released for work on January 14, 1980. The attending physician stated that surgery on the shoulder was the result of the shoulder injury of November 11, 1978 and that Stinson had, as a result of the injury, an eight percent permanent partial disability to the body as a whole.
Stinson was informed by his supervisor, Jack Williams, that UPS would not pay him workmen's compensation or his medical expenses because he failed to properly notify UPS of the injury that caused or contributed to the resulting surgery.
Stinson filed an action in September 1979 against defendant, Liberty Mutual Insurance Company, as the insurer for UPS, seeking to recover compensation benefits *Page 1034 
and medical expenses as a result of the injury received on November 11, 1978 while in the employ of UPS. Later UPS was added as a party defendant. The defendants answered the complaint and contended among other things that Stinson had failed to notify UPS of the November 11, 1978 injury.
The case was tried before the court sitting without a jury, and the cause was taken under submission. Subsequently the trial court granted Liberty Mutual's motion for summary judgment and entered judgment for UPS on the ground that Stinson had failed to notify UPS of the job-related injury. Stinson appeals.
One of the issues raised on appeal by Stinson relates to a protective order issued by the trial court to prevent an adjuster for Liberty Mutual from being deposed.
Pursuant to Rule 26 (c) ARCP, the trial court was requested to issue an order preventing A.G. Pilley, Jr., an employee of Liberty Mutual, from being deposed by plaintiff. After hearing arguments, the court granted the motion but, in doing so, ordered "Plaintiff's counsel . . . to submit interrogatories covering the subject matter intended to be covered in the proposed deposition. . . . Plaintiff is not barred from again raising the question of the deposition of Mr. Pilley by motion on the ground that those interrogatory answers are insufficient." The interrogatories were answered and no question of their insufficiency was presented to the trial court.
Rule 26 (c) ARCP provides in pertinent part:
 Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition or production or inspection, the court in the circuit where the deposition or production or inspection is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery. . . .
This rule envisions considerable discretion being reposed in a trial court to decide whether to allow extensive discovery or to put limits on a proposed discovery method.
In Campbell v. Regal Typewriter Co., Ala., 341 So.2d 120
(1976) the supreme court said:
 The particular details of the discovery process must necessarily be left to the sound discretion of the trial court. The court may enter appropriate orders under ARCP 26 (c) and if necessary, on a showing of undue burden, it may order alternative means of discovery.
In the case at bar the trial court, after hearing oral argument — the details of which are not before this court — disallowed the taking of Pilley's deposition but ordered that interrogatories could be submitted to him and if his answers were not sufficient plaintiff could again request of the court authority to depose Mr. Pilley.
The interrogatories were submitted to Pilley, he answered them, and plaintiff made no objection as to their sufficiency. Under these circumstances we find no abuse of the trial court's discretion in prescribing an alternative method for discovery of relevant information from Mr. Pilley.
The next issue presented by Stinson concerns the summary judgment granted in favor of defendant, Liberty Mutual Insurance Company. Stinson argues that the trial court erred in summarily finding in favor of Liberty Mutual in his direct action. against it.
Section 25-5-8 (f)(4), Code of Alabama, 1975, authorizes claims to be made directly against an employer's insurer in workmen's compensation cases provided the *Page 1035 
insured posts notices in conspicuous places on the premises that he is insured and by whom insured, and if the insured files a copy of such notice with the department of insurance. The trial court found as a fact that UPS had failed to identify its insurer by proper notices and had failed to file a copy of such notice with the state insurance department. The absence of proof of these statutory elements warranted the summary judgment in favor of Liberty Mutual Insurance Company. SeeThomason v. Midland Insurance Co., Ala.Civ.App., 380 So.2d 902
(1980).
Plaintiff's principal issue on appeal concerns the trial court's finding that he failed to properly notify his employer of the alleged on-the-job injury.
Section 25-5-78, Code of Alabama 1975, provides in pertinent part as follows:
 Every injured employee or his representative shall, within five days after the occurrence of an accident, give or cause to be given to the employer written notice of the accident, and the employee, if he fails to give such notice, shall not be entitled to physician's or medical fees nor any compensation which may have accrued under the terms of this article and article 2 of this chapter. . . .
It is undisputed that Stinson did not give UPS written notice of his alleged injury within five days after its occurrence. However, it has been held that written notice is not required where it is shown that the employer has actual knowledge of the injury. Legg v. Americold Compressor Co., Ala.Civ.App.,336 So.2d 1121 (1976). Actual knowledge sufficient to remove the requirement of giving written notice is a question of fact in each case. B.F. Goodrich Co. v. Martin, 47 Ala. App. 244,253 So.2d 37, cert. denied, 287 Ala. 726, 253 So.2d 45 and 287 Ala. 726, 253 So.2d 46 (1971).
Stinson contends that he gave oral notice of the injury to one or both of his supervisors on the same day the injury occurred, and he contends that the employees do not deny the oral notice, but our review of the evidence clearly reveals that the two supervisors deny that Stinson told them about the injury on that day. The resolution of this conflict in the evidence relating to whether notice of the injury was given to the employer is for the trial court.
This court does not weigh the evidence heard by the trial court to determine if its judgment is supported by the evidence; we only look to see if there is any legal evidence to support the judgment. Mobile Paint Manufacturing Co. v.Crowley, 56 Ala. App. 673, 325 So.2d 182 (1975). If there is such evidence we affirm the judgment.
In the instant case there is evidence to support the trial court's finding that the plaintiff failed to properly notify his employer of his alleged injury. Under these circumstances the trial court's judgment must be affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.