This is a workmen's compensation case.
The trial court found that the employee suffered a permanent and partial disability to the body as a whole and as a result thereof suffered a 75% loss of her capacity or ability to earn a livelihood.
The employee appeals, contending that the trial court erred in establishing only a 75% disability under the provisions of permanent partial disability as outlined in § 25-5-57
(a)(3)(g), Code of Alabama 1975, rather than a permanent total disability under the provisions of § 25-5-57 (a)(4), Code of Alabama 1975.
We find no reversible error and affirm.
In a workmen's compensation case, the decision of the trial court will be upheld upon review if there is any legal evidence to support the trial court's findings. Hill v. J.P. Stevens Co., 360 So.2d 1035 (Ala.Civ.App. 1978). Viewing the record in light of the above standard, we find the following pertinent facts:
The employee, Margie Dees, injured her foot while working for the employer, Daleville Florist. Surgery was required. Employee continued to suffer pain in her foot and continues to have other problems with her foot. *Page 156 
At the hearing, the employee testified that she cannot stand on the foot for more than two hours before suffering from severe pain and swelling. Since employees at the florist shop must be on their feet most of the day, the employee said she is unable to return to work.
The employee is also trained as a licensed practical nurse and a dental hygienist, although she is not certified as a L.P.N. in Alabama. She testified she has not looked for any employment since sustaining the injury because of the pain in her foot.
A certified personnel consultant testified that the employee could not compete in the job market because of her injury. The employee's two physicians, though, indicated that the employee would be able to function in a sedentary job.
An orthodontist with experience in placing dental hygienists in local dental offices said the employee's injury might disqualify her from finding full-time employment in a dental office, but considered the employee marketable as a part-time dental hygienist. A vocational rehabilitation counselor, specializing in the placement of disabled persons, testified that the employee could find gainful part-time employment.
With the above evidence before it, the trial court, as indicated, found the employee had suffered a 75% loss of earning ability due to her injury.
The determination of the proper percentage of disability rests with the trial court. Jackson v. W.L. Smith Poultry Co.,264 Ala. 184, 85 So.2d 893 (1956); Jones v. City of Huntsville,55 Ala. App. 439, 316 So.2d 689 (1975). The trial judge has the opportunity to observe the courtroom demeanor of the employee and other witnesses. After thoroughly examining the record before us, we cannot say that the trial court's finding of 75% permanent partial disability is unsupported by the facts. We take particular note, as obviously the trial court did, of the evidence concerning the employee's skills and marketability for part-time employment.
The employee also contends the statement of facts and conclusions of law made by the trial court were insufficient. We do not agree. Section 25-5-88, Code of Alabama 1975, provides essentially that the judgment of the trial court shall contain a statement of the law applicable to the case, the facts as they relate to the law, and the resulting conclusions. Substantial compliance with this section will suffice. RepublicSteel Corp. v. Kimbrell, 370 So.2d 294 (Ala.Civ.App.), cert.denied, 370 So.2d 297 (Ala. 1979); Fordham v. Southern PhenixTextiles, Inc., 387 So.2d 204 (Ala.Civ.App.), cert. denied,387 So.2d 206 (Ala. 1980). In the instant case, our review of the record clearly indicates substantial compliance with § 25-5-88, and, hence no reversible error.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.