WRIGHT, Presiding Judge.
This is a workmen’s compensation case.
Appellant, James W. Butler, was employed as a marble sawyer by appellee, Mor-etti-Harrah Marble Company on December 11, 1979, when in and during the course of his employment he sustained an injury to his left leg. Butler’s average weekly earnings on the date of the accident were $145.50. On December 8, 1980, Butler filed a complaint in the Circuit Court of Tallade-ga County alleging that as a proximate result of the accident he had suffered a fractured left leg and left pelvis and was totally disabled and claiming workmen’s compensation benefits due from Moretti-Harrah.
On January 9, 1981, Moretti-Harrah filed an answer to Butler’s complaint stating that there was no controversy between the parties at that time, and that benefits due under the law were being paid. Butler received checks from Moretti-Harrah in the amount of $97.00 per week (66% of $145.50 as per § 25-5-57, Code of Alabama 1975) for eighty-three weeks after the accident. During that time, Moretti-Harrah also paid Butler’s medical expenses.
On May 11, 1981, Butler’s physician, Dr. John Sherrill, sent a letter to Moretti-Har-rah stating that Butler had last been seen on January 22, 1981, and that X-Rays showed good healing of the tibia fracture. He also stated his opinion that Butler had reached maximum improvement and would have a permanent partial disability of approximately fifteen percent of the leg. On March 16, 1982, Moretti-Harrah filed an amended answer admitting the applicability of the Workmen’s Act but denying that any further benefits were due to Butler.
The case was submitted for determination by the circuit court on the pleadings and on testimony taken in open court. In its written order of June 10,1982, the court made the following findings of fact: that Butler had suffered a forty-one percent permanent partial disability of his left leg; that he had not suffered an injury affecting other parts of his body; that Moretti-Har-rah had paid Butler workmen’s compensation benefits at the rate of $97.00 per week for eighty-three weeks; that Moretti-Har-rah had paid all of Butler’s medical expenses except $1,118.00; and that the additional medical charges were proper for the treatment of Butler’s injury.
The court held that the Alabama Workmen’s Compensation Law was controlling of the case. In this case, there being a forty-one percent permanent disability of the leg, the court ruled that under § 25-5-57(a)(3)d, Code of Alabama 1975, compensation was due to be paid at the prescribed rate of $97.00 for forty-one percent of the 200 weeks specified in the schedule for total loss of the leg, or a total of eighty-two weeks. The court found that all sums due under the Workmen’s Compensation Law had been paid by defendant, and ordered Moretti-Harrah to repay Butler the sum of $1,118.00 of medical expenses incurred by Butler but not reimbursed. After the court’s denial of his motion for a new trial, Butler appealed this final judgment.
The first issue on appeal is whether the court erred in finding that Butler did not suffer any injury affecting other parts of his body. We iterate, as we do in each workmen’s compensation case, that our review in such cases is limited by statute. § 25—5—81(d); Fordham v. Southern Phenix Textiles, Inc., 387 So.2d 204 (Ala.Civ.App.), cert. denied, 387 So.2d 206 (Ala.1980). We look not to the weight of the evidence as to any fact found by the trial court, but only to determine if there is any evidence to support that finding. Mobile Paint Manufacturing Co. v. Crowley, 56 Ala.App. 673, 325 So.2d 182 (1975). Finding any reasonable support in the evidence for a finding of fact, we then determine if the law has been properly applied thereto. Newman Bros., Inc. v. McDowell, 354 So.2d 1138 (Ala.Civ.App.1977), cert. denied, 354 So.2d 1142 (Ala.1978).
*1293 Claimant contends that the finding of the court that his partial disability extends only to the left leg is erroneous and contrary to the evidence. Our examination of the evidence finds support for the finding of the court. The only objective evidence of the extent of claimant’s injury and resultant disability came from himself and Drs. Jones and Sherrill. The testimony of Dr. John Sherrill, the first and primary treating physician, was that the injury was to the left tibia and fibia, that there was a compound fracture of the tibia and a displacement fracture of the fibia; there was a hematoma in the left groin area which required drainage on two or three occasions, but which healed without complication or resultant disability. It received no further treatment after the initial hospitalization period. There was testimony from Dr. Jones that claimant indicated pain in and restricted motion of the hip. Claimant stated he suffered radiating pain into the hip and back. Additional subjective testimony of Dr. Jones was merely cumulative. The result — a matter of weight to be given the evidence by the finder of fact! The weight of evidence is not for our review. Mobile Paint Manufacturing Co., supra.
Claimant’s second issue is that the court erred in failing to find him to suffer permanent total disability under § 25-5-57(a)(4)d of the Code. In responding to that issue, we must again point to the limited scope of our review. Claimant correctly points out that there was substantial evidence from himself and from those found to be experts in the area of rehabilitation, vocational and physical, that he was, because of age, experience, education and physical condition, incapable of rehabilitation and employment. However, it is also true that Dr. Sherrill testified that he was physically capable of doing many jobs, though he probably could not return to his present employment because of his mental attitude regarding his injury. It was also shown that claimant had made no effort to return to his employer or ask for a less strenuous job.
We do not — we cannot — decide which of the witnesses’ opinions are to be believed. The trial court determined and entered a finding of fact that claimant was disabled only partially, and that to the left leg. Such finding is supported by some evidence. The court was therefore not required to enter a negative finding as to permanent total disability. We do not hesitate to comment that we likely would be required to leave undisturbed, under the same rules, a finding by the trial court favorable to claimant under § 25-5-57(a)(4)d.
Moretti-Harrah concedes that the court erred in its finding that claimant has received all compensation due him under § 25-5-57(a)(3)b. It concedes that claimant is entitled to receive compensation for temporary total disability during the period from the injury to the time of maximum medical improvement, and thereafter compensation for permanent partial disability. We agree that the court erred in failing to find claimant entitled to compensation for the period of his temporary total disability.
Moretti-Harrah submits that this court may decide from considering the evidence the time of maximum improvement or, as has been said, “the period of time during which claimant is recuperating,” Defense Ordnance Corp. v. England, 52 Ala.App. 565, 572, 295 So.2d 419, 424 (1974), and render judgment accordingly. We have considered such contention in view of the evidence, or rather the lack of it. We conclude that in spite of the letter of Dr. Sherrill of May 11, 1981, the evidence is insufficient for the time of reaching maximum improvement to be determined. That letter, though dated May 11, states that claimant was last examined by Sherrill on January 22, 1981. There was also evidence that claimant was subsequently hospitalized by Dr. Jones for surgical removal of pins from the leg. There was a period then of temporary total disability and indication that maximum improvement was not attained until some time thereafter. Therefore, it is our judgment that additional testimony is required, absent stipulation, as to the proper compensation for temporary to *1294 tal disability. The proper forum for presentation and finding of fact therefrom is the trial court.
It is the judgment of this court that the finding of the trial court that claimant has been fully compensated for his injury is erroneous. We therefore order it set aside and reversed. We remand the case to the trial court specifically for the purpose of determining compensation due claimant for temporary total disability and the inclusion of that sum with that previously determined due for permanent partial disability in the final judgment. All other findings of fact and conclusions of law are affirmed.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.