BRYAN, Judge.
Vintage Pharmaceuticals, LLC, appeals from a judgment of the trial court awarding permanent-total-disability benefits to Thomas Hayes. Because we conclude that the trial court erred in compensating Hayes for an injury to the body as a whole rather than for an injury to a scheduled member under § 25 — 5—57(a)(3), Ala.Code 1975, we reverse and remand.
Hayes worked for Vintage as a custodian. On July 13, 2005, Hayes sustained an open fracture of his right calcaneus, or heel bone, in a forklift accident at work. In the accident, Hayes severed a portion of his calcaneus, which was surgically reattached by an orthopaedic surgeon. Soon after that surgery, Hayes developed an infection in his right foot that required multiple irrigation-and-debridement procedures. In August 2005, a plastic surgeon grafted muscle and tissue from Hayes’s back in a procedure to reconstruct Hayes’s right foot. ■
In September 2005, Hayes sued Vintage, seeking workers’ compensation benefits for his right-foot injury. Following a trial at which Hayes testified, the trial court entered an judgment finding that Hayes had sustained a nonscheduled injury to the body as a whole and that Hayes was permanently and totally disabled as a result of that injury. In its judgment, the trial court stated:
“Hayes’ work-related right foot injury has left his right foot with severe limitations, including range of motion, affecting his ability to walk. Hayes also experiences a lack of feeling in his right foot, particularly on the bottom of his foot, also affecting his ability to walk. Additionally, he has shooting pains on the front top of his right foot. [Hayes’s physician] ordered a boot for his right foot, and a brace for his left foot, both of which Hayes wore in open court. [Hayes’s physician] assigned ‘a 17% foot impairment [which equates to a] 12% lower extremity impairment and [a] 5% whole person impairment.’
“Hayes also has a congenital defect to his left foot. Surgery was performed on his left foot as a child, but it left him with a left foot which turned slightly inward at the toes and rolling to the outside. He walks with a limp, but his left foot never prevented him from working. Before this injury, Hayes had been able to accommodate his left foot defect with a normal right foot, which gave him the stability necessary for balance. The right foot injury, with resultant limited range of motion, and lack of feeling, has taken away Hayes’ stability and balance when on his feet. His lack of stability and balance has caused him to fall frequently, so he must use a cane or walker at all times when walking to avoid falling. He uses his right hand to hold a cane and is right-hand dominant.
“Hayes has an almost total lack of control of his right foot if he does not wear a shoe or special boot.... Hayes has difficulty being on his feet more than one hour per day. He finds it necessary to sit or lie frequently throughout the day with his foot elevated at waist level or above to prevent or alleviate pain and swelling.”
Section 25 — 5—81 (e), Ala.Code 1975, provides the standard of review in workers’ compensation cases:
“(1) In reviewing the standard of proof set forth herein and other legal *1205 issues, review by the Court of Civil Appeals shall be without a presumption of correctness.
“(2) In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.”
Substantial evidence is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). “This court’s role is not to reweigh the evidence, but to affirm the judgment of the trial court if its findings are supported by substantial evidence and, if so, if the correct legal conclusions are drawn therefrom.” Bostrom Seating, Inc. v. Adderhold, 852 So.2d 784, 794 (Ala.Civ.App.2002).
On appeal, Vintage first argues that the trial court erred by treating Hayes’s right-foot injury as an unscheduled injury to the body as a whole. Vintage argues that Hayes’s injury should be compensated pursuant to § 25-5-57(a)(3), Ala.Code 1975, for the permanent partial loss of use of a scheduled member.
In Ex parte Drummond Co., 837 So.2d 831 (Ala.2002), our supreme court restated the test for determining when an injury to a scheduled member should be treated as an unscheduled injury to the body as a whole. Our supreme court stated:
“[I]t was the intention of this Court in adopting in Bell [v. Driskill, 282 Ala. 640, 213 So.2d 806 (1968),] the exception to the workers’ compensation schedule to address those instances where the injury to a scheduled member caused such impairment to the body as a whole that the benefits reflected on the schedule were not appropriate. Specifically, the Bell test permitted an injury to a scheduled member to be compensated outside the schedule if the effect of the injury extends to other parts of the body and produces a greater or more prolonged incapacity than that which naturally results from the injury to the specific member....
“We renew our commitment to the policy that underlay the Bell test and that is recognized in the current edition of 4 Lex K. Larson, Larson’s Workers’ Compensation Law § 87.02 (2001):
“ ‘The great majority of modern decisions agree that, if the effects of the loss of the member extend to other parts of the body and interfere with their efficiency, the schedule allowance for the lost member is not exclusive.’
“... [W]e today adopt the language recited above from Larson, Workers’ Compensation Law § 87.02, as the test for determining whether an injury to a scheduled member should be treated as unscheduled; therefore, we overrule Bell insofar as it established a different test....”
837 So.2d at 834-35 (footnotes omitted).
In its judgment, the trial court concluded that Hayes’s “right foot injury extends to the other parts of his body, and interferes with their efficiency, by affecting his balance and stability, requiring him to use a cane or walker when walking, and necessitating foot elevation throughout the day.” Essentially, the trial court awarded compensation to Hayes outside the schedule because, the court concluded, Hayes’s right-foot injury affected his body generally. However, to receive compensation outside the schedule, Hayes had to show that *1206 his injury to a scheduled member extended to a nonscheduled part of his body and interfered with its efficiency. 837 So.2d at 834. Hayes has not established that his right-foot injury caused an injury to any particular nonscheduled part of his body. See Boise Cascade Corp. v. Jackson, 997 So.2d 1026 (Ala.Civ.App.2007) (stating that an employee who sustained a foot injury may not recover nonscheduled disability benefits on the basis of complaints of back pain in the absence of a showing that the injury to his foot caused a permanent physical injury to his back). Accordingly, the trial court erred by treating Hayes’s injury as a nonscheduled injury to the body as a whole rather than as a scheduled injury pursuant to § 25-5-57(a)(3).
We note also that the trial court’s finding that Hayes must “sit or lie frequently throughout the day with his foot elevated ... to prevent or alleviate pain and swelling” does not support the trial court’s determination of a nonscheduled injury. In Ex parte Drummond Co., the employee stated that he had to elevate his injured knee at night to reduce the swelling. 837 So.2d at 836. The employee argued that “ ‘[t]he simple fact that he has to elevate his knee and take precautions for the swelling meets the criteria [for taking an injury off the schedule] set out in the caselaw of the State of Alabama.’ ” Id. (quoting the employee’s brief). However, the court in Ex parte Drummond Co. concluded that, despite the need to elevate the knee, the occasional swelling of the employee’s knee did not qualify as an injury that extended to other parts of the body and produced a greater incapacity than would otherwise result from the injury. 837 So.2d at 836.
In concluding that Hayes’s injury should be treated as a nonscheduled injury to the body as a whole, the trial court cited Dale Motels, Inc. v. Crittenden, 50 AlaApp. 251, 278 So.2d 370 (Civ.1973). In Dale Motels, the trial court treated the employee’s foot injury as an injury to the body as a whole rather than as a scheduled injury. The employee submitted evidence indicating that she experienced considerable pain, that she was unable to stand for more than 30 minutes without her foot swelling, that she needed a cane to walk, that she fell frequently when attempting to walk, and that she was nervous. 50 Ala.App. at 255, 278 So.2d at 373. In affirming the trial court’s judgment, this court concluded that “there is some evidence that the effects of the injury have produced a greater interference with the ability to work than would be expected from a simple and uncomplicated loss of the use of a foot.” 50 Ala.App. at 256, 278 So.2d at 373 (emphasis added)[1]
In Ex parte Drummond Co., our supreme court overruled Dale Motels insofar as it expanded the Bell test to include vocational disabilities as an effect that will take the injury outside the schedule. 837 So.2d at 834 n. 8. In the present case, the trial court, although acknowledging that Dale Motels had been overruled for expanding the Bell test to include consideration of vocational disabilities, found that Ex parte Drummond Co. did not criticize the “other grounds” cited in Dale Motels for taking the injury off the schedule. According to the trial court, those additional grounds included effects “strikingly similar to those suffered by Hayes,” such as being unable to walk without a cane and falling *1207 while attempting to walk. However, as noted, this court’s decision in Dale Motels was ultimately based on a consideration of vocational disabilities, a consideration that impermissibly expanded the Bell test. Accordingly, we do not find Dale Motels persuasive authority for removing Hayes’s injury from the schedule.
The trial court also cited Unexcelled Manufacturing Corp. v. Ragland, 52 Ala.App. 57, 289 So.2d 626 (Civ.1974), in support of the decision -to treat Hayes’s injury as one to the body as a whole. In Rag-land, this court affirmed the trial court’s judgment treating the employee’s ankle injury as one to the body as a whole. The employee in that case suffered pain and swelling in his ankle and leg, was unable to walk for more than 15 minutes at a time, experienced difficulty balancing and stabilizing himself, suffered pain in his head and back, and experienced involuntary head movements. 52 Ala.App. at 61, 289 So.2d at 629. The trial court in the present case noted that Hayes, like the employee in Ragland, has difficulty with his balance and stability. However, in Rag-land, unlike in this case, evidence indicated that the employee’s ankle injury may have caused injuries to nonscheduled parts of the body — the back and the head. Therefore, the court in Ragland found that there was some evidence indicating that the employee’s injury “extend[ed] to other parts of the body, and produce[d] a greater or more prolonged incapacity than that which naturally results from the specific injury.” 52 Ala.App. at 62, 289 So.2d at 630.[2] However, in this case, there is no evidence, as there was in Ragland, indicating that Hayes’s foot injury extended to a nonscheduled body part.
Because we conclude that Hayes’s injury should have been compensated as an injury to a scheduled member pursuant to § 25-5-57(a)(3), we reverse the judgment of the trial court awarding Hayes permanent-total-disability benefits, and we remand the case.[3] Although this result may seem harsh or unfair, the application of the current workers’ compensation law to the facts of this case mandates our conclusion. This holding pretermits discussion of the other issue raised by Vintage.
REVERSED AND REMANDED.
PITTMAN, J., concurs.
MOORE, J., concurs specially.
THOMPSON, P.J., and THOMAS, J., concur in the result, without writing.

. This court reviewed the workers' compensation judgment in Dale Motels by a writ of certiorari. Under the certiorari standard of review, the trial court’s judgment would not be disturbed if there was any legal evidence supporting the factual findings of the trial court. See 50 Ala.App. at 255, 278 So.2d at 372.

. Ragland, like Dale Motels, was decided using the certiorari standard of review. See note 2.

. Because Hayes injured his right foot, we have referred to Hayes's injury as a "right-foot injury.” However, we do not imply that, upon remand, the trial court is precluded from finding that Hayes has in fact lost the use of an entire leg, a scheduled member pursuant to § 25-5-57(a)(3)a.l6, Ala.Code 1975, as opposed to the loss of the use of a foot, a scheduled member pursuant to § 25-5-57(a)(3)a.l4, Ala.Code 1975.