316 So.2d 215

**In re James E. SPEIGNER**

**v.**

**Robert McGHEE, d/b/a McGhee Electrical Company.**

**Ex parte Robert McGHEE, d/b/a McGhee Electrical Company.**

**Civ. 457.**

Court of Civil Appeals of Alabama.

May 7, 1975.

Rehearing Denied June 4, 1975.

N. T. Braswell, III, Montgomery, for appellant.

B. B. Rowe, Enterprise, for appellee.

BRADLEY, Judge.

James E. Speigner, the plaintiff in the trial court and respondent here, filed his complaint in the Circuit Court of Dale County seeking workmen's compensation benefits for injury to his back allegedly incurred while in the employ of Robert McGhee, d/b/a McGhee Electrical Company, defendant below and petitioner here. After a trial, plaintiff was awarded temporary total benefits for an additional period of time. Defendant seeks review of that judgment in this court by writ of certiorari.

The primary contention of petitioner is that he never had notice of respondent's alleged injury as required by Title 26, Section 294, Code of Alabama 1940, as Recompiled 1958.

Title 26, Section 294, Code of Alabama 1940, as Recompiled 1958, provides as follows:

> "Every injured employee or his representative shall, within five days after the occurrence of an accident give or cause to be given to the employer written notice of the accident, and the employee, if he fails to give such notice, shall not be entitled to physician's or medical fees; nor any compensation which may have accrued under the terms of articles 1 and 2 of this chapter, unless it can be shown that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity, other than minority, or fraud or deceit, or equal good reason, but no compensation shall be payable unless such written notice is given within ninety days after the occurrence of the accident, or where death results, within ninety days after the death."

Respondent testified that he did not inform petitioner of his injury in writing, but did orally tell him on two occasions he was injured on the job; once, by telephone during the evening of the day he was injured, which he stated was March 19, 1973; second, in a face to face conversation with petitioner on March 23, 1973 when petitioner came to the job site. Petitioner testified that he did not remember either of the two conversations with respondent.

The evidence shows that respondent worked for petitioner as a painter and carpenter and had been working for him

about three months. At the time of the alleged injury, petitioner had a painting and repair contract at Ft. Rucker, Alabama. On the day in question, respondent and two other employees were unloading a fifty-five gallon drum full of mineral spirits from the bed of a truck. Respondent was on the ground and the other two employees were in the truck. The drum slipped and respondent tried to catch it and it fell to the ground. He said in the process he was knocked to his knees and he felt a sharp pain in his lower back as if a knife had been stuck in it. He said he went inside a shed and laid down on a stack of lumber for some time. He did not do much work the remainder of the day. Mr. Paul, one of the workmen assisting respondent, testified that respondent commented after the drum fell that he had hurt his back. The other employee, Mr. McVay, testified that he could tell that respondent was hurt. That evening respondent called petitioner at his home in Montgomery and informed him of his injury. There were only three employees working for petitioner on the Ft. Rucker job, with no foreman or supervisor.

On March 23, 1973, which was a Friday, petitioner came to Ft. Rucker to pay his employees for the week's work and respondent again, so he testified, informed petitioner of his injury and asked what he should do about it. Petitioner never did tell him what to do about it.

Mr. Paul testified that on March 23, 1973 in Ft. Rucker he heard respondent report the accident and his injury to petitioner.

■ In the absence of written notice of an injury incurred on the job, does the notice presented by the factual situation in this case satisfy the requirements of Section 294, *supra*? We think it does. It should be noted that the written complaint was filed within three months of the alleged injury but it has been held that this is not the kind of notice envisioned by Sec-

tion 294. *Alabama Marble Co. v. Jones,* 217 Ala. 300, 116 So. 147.

A similar question was presented to this court in *B. F. Goodrich Co. v. Martin,* 47 Ala.App. 244, 253 So.2d 37, cert. den., 287 Ala. 726, 253 So.2d 45.

"Assignments of error 10 and 18 are addressed to the failure of notice to appellant, as required by Title 26, Section 294 of the Alabama Code.

"There is no dispute that written notice was not given. The question to be decided then is—did appellant have such actual knowledge of the accident and injury of appellee as to remove the necessity of, or to substitute for the statutory requirement of written notice. The case of *Ex parte Stith Coal Co.,* 213 Ala. 399, 104 So. 756, first established that written notice was not required if the employer had actual knowledge of the injury and circumstances out of which it arose. The court stated therein the following:
" '* * * The aim of the notice is "to advise the employer that a certain employee, by name received a specified injury in the course of his employment on or about a specified time, at or near a certain place specified. Code, § 7569."

" 'That the notice must be written is for certainty; that it is to be given promptly is to enable the employer to make speedy examination, afford proper treatment, and protect himself against simulated or exaggerated claims.

" 'If the injury occurs under the eye of the employer, or if all the facts are brought to his knowledge within the time written notice is required, he can suffer no injury; the giving of notice becomes a matter of technical form, a trap for the helpless and unadvised * * *.'

"With the above words in mind, we think any reasonable definition of actual knowledge by appellant of appellee's in-

jury is satisfied by the evidence adduced before the trial court.

"We will briefly enumerate some of the information possessed by appellant. . . .

"The information or knowledge of appellant as of April 10, 1967, was (1) That the company nurse had been informed that appellee after working on Sunday night had suffered ulcers and inflammation of the mouth. . . . (3) That appellee's physician had informed appellant by letter that such ailments were due to allergic reactions to some substance and that substance was probably present at his work site. . . . (6) Acting on the information from the physician and requests by appellee and his union representative, a job change had been given. (7) After working only a few days on the job still in the general vicinity of the suspected source of offending allergens, a new attack occurred, which was promptly reported (though the evidence does not explicitly state, it may be inferred that such report to the company nurse was required of employees unable to report for work). (8) Entry in medical record of appellee by appellant's nurse dated May 5, 1967, that appellee was still out with asthma and allergic ulcers in mouth from disability suffered on April 10, 1967.

"Thus, we have enumerated substantial legal evidence upon which the trial court could have based its finding that appellant had knowledge of the injury of appellee. We need go no further. Actual knowledge sufficient to remove the requirement of giving written notice is a question of fact in each case. Our review by certiorari does not perform the functions of an appeal. The weight or preponderance of the evidence or whether the finding of fact by the trial court is proper is not before us on review by certiorari. We must accept such finding if it is supported by any legal evidence. *Nashville Bridge Co. v. Honeycutt,* 246

Ala. 319, 20 So.2d 591; *Gadsden Iron Works v. Beasley,* [249 Ala. 115, 30 So. 2d 10]; *Gulf States Steel Co. v. Christison,* [228 Ala. 622, 154 So. 565]. We find no error in the court's finding that appellant had notice of appellee's injury."

In our recent case of *Beatrice Foods Company v. Clemons,* 54 Ala.App. 150, 306 So.2d 18, we were again faced with the question of adequate notice to the employer of the alleged accident and injury. We there said:

"The primary issue presented for our consideration is whether the evidence supports the finding of the trial court that there was actual knowledge by the employer of the accident and injury sufficient to remove the requirement of written notice as provided by Title 26, Sec. 294 of the Alabama Code.

"Though the statute requiring written notice to the employer of the occurrence of an accident within 90 days remains in the Code, judicial construction thereof has, to a great extent, abrogated its literal application. . . .

.    .    .    .    .    .

"The finding of fact by the trial court will be accepted by the reviewing court if it is supported by any legal evidence. *B. F. Goodrich Co. v. Martin,* [47 Ala. App. 244, 253 So.2d 37]. The evidence presented by the claimant on the issue of notice was that he fell while alighting from his employer's truck on the night of November 20, 1972; that upon returning to the employer's plant a few hours later on November 21, 1972, he reported orally to his supervisor that he had fallen from the truck while at the weighing station in Huntsville and had hurt his shoulders and neck. The supervisor admitted that claimant reported the fall to him but did not recall that he had stated that he had hurt himself. The supervisor made no report of the accident to his superiors.

"Appellant contends that because claimant failed to inform of the extent of his injury for some nine months thereafter, notice was insufficient in fact and law. We do not agree.

"The testimony of claimant was that he fell from the truck, landing upon his shoulders and neck, upon concrete. For several minutes he lay stunned and unable to rise. When he arose, he felt some pain in his neck and shoulders but he continued with his truck to Nashville, Tennessee, and returned to appellant's plant at about 2:00 A.M. on November 21. It was at that time he reported his fall and that his neck hurt to the night supervisor. The supervisor made no inquiry as to the extent of his injury or if he needed to see a doctor. The supervisor stated he made no written report nor was he aware that such a report was necessary.

.        .        .        .        .        .

"From the testimony presented we consider there was legal evidence to support the finding of the trial court that appellant, through its supervisor, received actual knowledge that claimant had been in an accident while in the scope of his employment and that such accident resulted in injury. There was sufficient information brought to the knowledge of appellant to place it on notice that an accident had occurred to its employee and that a resultant injury of some degree had occurred or was likely to have occurred. Claimant imparted to his employer all the knowledge which he possessed at the time, i. e., that he had fallen a substantial height from the cab of the tractor-trailer rig, landing on concrete with his weight of 280 pounds on his shoulders and neck, and that he was in pain. Once actual knowledge of an accident and injury is imparted to an employer, the opportunity for investigation of the accident and injury and to protect against simulated and exaggerated claims is presented. The statute does not require further notice nor continuing information be provided by the claimant without request."

In the case at bar the respondent orally informed his employer that he had injured his back while on the job. The second conversation was overheard by one of the employees who was present when respondent injured himself. Petitioner did not deny the occurrence of these two conversations, but stated he could not recall them. We think, as we said in *Beatrice Foods, supra*:

"    .    .    .    There was sufficient information brought to the knowledge of appellant to place it on notice that an accident had occurred to its employee and that a resultant injury of some degree had occurred or was likely to have occurred.    .    .    ."

■ We consider that there was legal evidence presented to support the trial court's finding that petitioner had actual knowledge that respondent had been injured as a result of an accident occurring while engaged in carrying out his employment with petitioner. No error here.

Petitioner's next contention is that the trial court erred in awarding temporary total disability benefits for the periods April 13, 1973 to September 2, 1973 and September 24, 1973 to January 15, 1974. He says that respondent worked for several days on two occasions during the period of April 13, 1973 to September 2, 1973.

■ The rule is that workmen's compensation cases are reviewed in this court by writ of certiorari and if there is any legal evidence to support the trial court's finding of fact, no error will be assessed. *B. F. Goodrich Co. v. Martin, supra*. But there must be some legal evidence to support the finding.

As to the finding of temporary total disability, the evidence shows that respondent

was injured on Monday, March 19, 1973, worked a little bit during the rest of that week and one day the following week for petitioner. Then for the period between March 29, 1973 and April 16, 1973, respondent testified that he worked for another painting contractor for a period of about one and one-half weeks. On April 16, 1973 respondent was admitted to the hospital where he remained for twenty-one days. Sometime after his release from the hospital, respondent again worked for the painting contractor for a period of six days. And during the month of June 1973, respondent attended National Guard summer camp for two weeks. He says he was a personnel clerk in the National Guard and during this time mostly sat around.

The doctor who operated on respondent's back stated that he saw respondent five or six times after he was released from the hospital, the last time being on September 17, 1973. The doctor, at the taking of his deposition on October 26, 1973, said that respondent as of that time had reached maximum recovery.

In *Brunson Milling Co. v. Grimes*, 267 Ala. 395, 103 So.2d 315, the supreme court said that:

" . . . [T]otal disability within the Workmen's Compensation Act does not mean absolute helplessness or entire physical disability, but means inability to perform the work of one's trade or inability to obtain reasonably gainful employment. [Citations omitted.]"

We said in the recent case of *Defense Ordinance Corporation v. England*, 52 Ala.App. 565, 295 So.2d 419, that:

"Temporary total disability is ordinarily established by direct evidence of actual wage loss. 'In the usual industry situation, there is a period of healing and complete wage loss, during which temporary total is payable. This is followed by a recovery, or stabilization of the condition. . . . .' Vol. 2 Larson, Workmen's Compensation Law, § 57.10.

The same section also states that the current tendency is to abandon the terminology of 'temporary total' and refer to it instead as the 'healing period' or the 'period of recovery.' These terms are descriptive and definitional as to what period temporary total disability applies. A perusal of cases cited in the above quoted section are quite informative. In *Kirkland v. Benedict & Jordan*, 120 So.2d 169 (Florida 1960), the court stated that temporary total disability applies to the healing period during which the claimant is recovering and unable to work. The court further stated that the healing period does not continue after the claimant has reached his maximum improvement from the injuries. . . . Temporary total disability refers to the period of time the employee is recuperating. This is distinguished from permanent partial which is based on the medical condition *after* maximum improvement has been reached. See Larson, *supra*, § 57.10.

"We will comment that temporary total disability may occur at different times during the recuperative period of healing until maximum medical improvement is reached or can be ascertained depending upon the circumstances of each case. See *Richter v. Shoppe Plumbing & Heating Co.*, 257 Minn. 108, 100 N.W.2d 96; *Costa v. Cars, Inc.*, 96 R.I. 396, 192 A.2d 1. However, we particularly note that the fact a person is unemployed does not necessarily in and of itself mean he is temporarily totally disabled."

The facts in the present case show that respondent was injured on March 19, 1973 but did not seek medical attention until April 16, 1973. The evidence suggests that respondent attempted to work after his injury—he worked for about two weeks during this period—but apparently his condition worsened to the point where he felt it necessary to seek medical attention.

After his hospitalization, respondent said he worked for six days for a painting con-

tractor and served two weeks on active duty with the National Guard.

During the several visits to the doctor after release from the hospital, respondent repeatedly contended that he was no better.

On October 26, 1973 the doctor said respondent had reached maximum recovery.

In applying our holding in *England* to the facts of the present case, we conclude that as of October 26, 1973, respondent had reached maximum recovery and temporary total disability benefits could not be paid after that date. Consequently, the finding of fact that respondent was temporarily totally disabled from that date to January 15, 1974, had no basis in the evidence adduced in this case.

The period April 13, 1973, i. e., the beginning of respondent's temporary total disability, to October 26, 1973, contains two separate periods when respondent was employed. One period is when respondent attended National Guard summer camp where he worked as a personnel clerk and the other period is when he worked six days for another painting contractor.

In view of our conclusion in *England* that there can be times during the recuperative period when an injured employee can be employed without terminating the period of recovery, we find that the period of temporary total disability of respondent in the case at bar would extend from April 13, 1973 until October 26, 1973 minus the two periods of employment discussed above.

We therefore reverse the judgment of the trial court as it relates to the period of temporary total disability and remand it to the trial court for the entry of a judgment that will conform with this opinion.

Reversed and remanded with directions.

WRIGHT, P. J., and HOLMES, J., concur.