This is a workmen's compensation case.
The trial court in pertinent part awarded the employee temporary total disability for a stated period of time. The employee was also awarded certain medical expenses.
The employer appeals and contends that the trial court erred in failing to deduct certain times from the compensation award when wages were earned during the period of temporary total disability. The employer also contends that the trial court erred in awarding medical expenses in that there was no evidence that the medical expenses were reasonable. *Page 1036 
At the outset we note that the standard of review in workmen's compensation cases is whether there is any legal evidence to support the trial court's findings. Legg v.Americold Compressor Co., 336 So.2d 1121 (Ala.Civ.App. 1976). This court can consider neither the weight of the evidence nor the propriety of the trial court's finding of fact. Our review is limited to a determination of whether there is any evidence to support the trial court's findings. Tidwell Industries, Inc.v. Kennedy, 410 So.2d 109 (Ala.Civ.App. 1982).
In the instant appeal the record reveals the following:
On February 17, 1981, the employee injured her back in the course of her employment at TG Y Stores Company. The employee sought medical attention and was eventually hospitalized for a time. In March, 1981, the employee returned to work at TG Y on a part time basis. She continued to experience considerable pain and discomfort and as a consequence, worked only for approximately two weeks. Thereafter, the employee received additional medical treatment. The orthopedic specialist treating the employee released her to return to work sometime in May, 1981.
From May until September, 1981, the employee worked at TG 
Y, at first part time, then eventually on a regular basis comparable to before her injury. TG Y terminated her employment because she could not be depended on to work consistently, and she started work in October, 1981, as a day manager at a fast food drive-in. The employee worked full time, nine to five, until February, 1982, when the drive-in closed for business.
After an ore tenus hearing, the trial court found that the employee suffered a temporary total disability and awarded compensation benefits from February 17, 1981 to May 17, 1983. The trial court also awarded medical expenses incurred by the employee.
On appeal, as indicated, the employer contends that the trial court should have allowed it a credit for the periods in which wages were earned by the employee during the time of temporary total disability. In other words, the employer contends that periods of time, i.e., wages, during which the employee was employed after her accident should be deducted from the amount of temporary total disability determined by the trial court. After a thorough analysis, this court is convinced that the employer is partially correct.
The law is clear that there can be times during the recuperative period when an injured employee can be employed without terminating the period during which an award of total temporary disability may be made. Defense Ordinance Corp. v.England, 52 Ala. App. 565, 295 So.2d 419 (1974). That is not at issue here. The employer does not dispute this general principle; however, it contends that any time at work with wages earned during the recovery or healing period should be deducted from the award of temporary total disability. Put another way, the employer should be allowed a credit. This court finds that this is appropriate under certain circumstances.
Temporary total disability is ordinarily established by direct evidence of wage loss. Speigner v. McGhee, 55 Ala. App. 384, 316 So.2d 215, cert. denied, 294 Ala. 769, 316 So.2d 221
(1975). This court has held that temporary total disability applies to the healing period during which the employee is recovering and unable to work. In the usual situation there is a period of healing and complete wage loss. This is followed by a recovery or stabilization of the injury. Temporary total disability may occur at different times until maximum medical recovery can be ascertained. Speigner v. McGhee, 55 Ala. App. 384, 316 So.2d 215 (1975); 2 Larson, Workmen's Compensation Law
§ 57.10.
It is clear that an employee can return to work before maximum medical recovery is attained without having temporary total disability benefits terminated. Case law in this state, however, indicates that periods of full time employment during the recovery period can be deducted from the compensation award for temporary total disability. *Page 1037 See Speigner v. McGhee, 55 Ala. App. 384, 316 So.2d 215 (1975). However, that does not entirely resolve the issue at bar.
In addressing the question of whether two different periods of employment terminated the recovery period of a claimant, this court held that the period of recovery did not end and the period of temporary total disability would run from a certain date "minus" the two periods of employment, i.e., a credit.Speigner v. McGhee, 55 Ala. App. 384, 316 So.2d 215 (1975). There also exists a line of cases from other states that hold it is error to award temporary total disability for a period in which the employee worked full time. See Fort Pierce Utilitiesv. Blotney, 396 So.2d 852 (Fla.App. 1981); 2 Larson, Workmen'sCompensation Law § 57.12 (July, 1983, Supp.)
However, there is also authority for the position that employment alone does not necessarily "suspend" the period of temporary total disability. See 2 Larson, Workmen'sCompensation Law § 57.10-12.
Where an employee has not reached maximum medical recovery, works only part time and his disability prevents full time employment, this court would be hard pressed to find error in awarding temporary total disability for that period. In other words, we can envision situations where it would be possible to award temporary total disability despite some type of employment without allowing a credit.
In the case at bar, the evidence shows that the employee attempted to return to work at different times on a part time basis on the advice of her doctor. Her injury gave her considerable pain, hampered or hindered her in what work she did and essentially prevented her from working full time. The evidence shows that even though the employee attempted to work "full time" at TG Y, she still experienced pain that hindered her in her work causing her to lose considerable time from work. Eventually she was even fired for missing too many days. The trial court found that the employee was temporarily totally disabled and no deduction is required at those times, and considering the presumptions accorded the trial court's findings in conjunction with the general law, we cannot say the trial court erred in this respect.
There is evidence to support the trial court's finding that the employee was temporarily totally disabled for purposes of workmen's compensation law. That aspect is not in contention. The fact that the employee worked "part time" under these circumstances does not entitle the employer to a credit of or deduction for those periods. See Pyles v. Triple F. Feeds ofTexas, Inc., 270 Ark. 729, 606 S.W.2d 146 (App. 1980), where some sporadic employment and attempts to get work did not justify denying temporary total disability, during the period of healing, when claimant was unable to perform remunerative work with reasonable consistency and without pain. Hence, no credit.
We note that liberal construction of the workmen's compensation law has been favored to effectuate its beneficent purposes. Defense Ordinance Corp. v. England, 52 Ala. App. 565,295 So.2d 419 (1974).
We cannot say that "part time employment," etc., such as indicated above, alone is enough to entitle an employer to a deduction or credit; however, where the claimant is employed full time under facts such as in the instant appeal the law dictates a different result. The reasoning in Speigner, and the line of cases commented on in Larson's Workmen's CompensationLaw, Vol 2, § 57.10, indicates that an employer is entitled to deduct those periods of "full time" employment from the period of temporary total disability. In the instant case the evidence fails to support a finding that the employee was entitled to temporary total disability for those periods of time she was employed full time.
The evidence shows that after leaving TG Y, the employee found work as a day manager at a fast food drive-in restaurant. There she worked from nine to five and although she still had problems, her injury did not hinder her in her duties as day manager. Therefore, it appears that a credit might be appropriate. In view of the *Page 1038 
general law, as indicated above, the employer is entitled to a deduction or credit for those periods when the employee worked "full time" at the drive-in restaurant.
In view of the foregoing, the trial court's award of temporary total disability is reversed for those periods when the employee was employed "full time," as indicated above.
Lastly, the employer contends that the trial court erred in admitting into evidence testimony as to the cost of treatment rendered by a chiropractor and in awarding damages for said costs.
Section 25-5-77 (a), Code of Ala. (1975), provides that the employer shall pay the actual cost of reasonably necessary medical treatment or attention. The employer in the present case contends there is no evidence of the "reasonableness of the charge" of medical costs. However, we believe the employer's emphasis is misplaced. The statute requires that the treatment be "reasonably necessary."
In the present workmen's compensation case there was sufficient evidence from which to determine that the medical costs were "reasonably necessary." The employee testified that she went to the chiropractor to obtain relief from the pain caused by her injury. She testified that she saw the chiropractor some thirty to forty times and she described the various treatments, such as X-rays and back manipulation. We also note that the employer's objection was to the admissibility of amount of the bill incurred by the employee on the grounds that it was hearsay.
Taken all together, there is evidence to support the trial court's award of medical expenses in the amount of less than $300. The severity of the injury, the number of visits to the chiropractor and the evidence of the treatment or medical help constitutes sufficient evidence of "reasonably necessary" under the terms of the statute.
In view of the preceding, this case is due to be affirmed in part, reversed in part, and remanded for entry of a judgment or other proceedings not inconsistent with the above.
We would be remiss in not commenting that both counsel have provided this court with excellent briefs for which we are grateful.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.