MONROE, Judge.
Timothy Uptain sued his employer, American Cast Iron Pipe Company (ACIPCO), seeking workers’ compensation benefits for a leg injury he received in a work accident. After ore tenus proceedings, the trial court found that Uptain had suffered a five percent loss of use of one leg, a loss in earning capacity, and a resulting vocational loss of 18 percent. The company was ordered to pay benefits accordingly. ACIPCO appeals.
Uptain worked as a “hook-up man” for ACIPCO. The job required him to hook heavy flasks, or molds, to an overhead crane in the foundry. On November 20, 1992, Up-tain was performing his job when a stack of flasks fell over and pinned him. He was taken to Brookwood Hospital, where an X-ray showed he had suffered a hairline fracture to his left leg.
Because Uptain’s injury occurred on November 20, 1992, the new Workers’ Compensation Act applies. The standard of review this court must apply in cases under the new Act is derived from § 25 — 5—Sl(e)(l), which *379 provides: “In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.” Furthermore, the new Act provides that “in reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.” § 25-5-81(e)(2). The Alabama Supreme Court has defined “substantial evidence” as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989); Ex parte Trinity Industries, Inc., 680 So.2d 262, 268 (Ala.1996).
ACIPCO does not dispute that Uptain’s leg injury is compensable under the Workers’ Compensation Act. However, it does dispute the amount of benefits awarded to Uptain, as well as the basis upon which those benefits were awarded. Specifically, ACIPCO argues that the trial court erred in considering loss of earning capacity in connection with an injury to a scheduled member. ACIPCO contends that because the trial court found that Uptain had suffered a five percent loss of the use of a leg, a scheduled member, Uptain’s recovery should be limited to the recovery set forth in § 25-5-57(a)(3)a.l6, i.e., 200 weeks of payments based on a five percent use of loss of the leg.
The compensation to be awarded to an employee with a permanent partial disability is set by § 25-5-57(a)(3). Compensation for the loss of specific body parts or members is determined from the schedule provided in § 25-5-57(a)(3)a. Compensation for all permanent partial disabilities not enumerated in the schedule is based on the employee’s loss of earning capacity. § 25-5-57(a)(3)g.
The Alabama Supreme Court has set forth the test for determining whether an injury falls outside the provisions of § 25-5-57(a)(3)a:
“Where the injury to one part of the body affects the other parts of the body and produces a greater or more prolonged incapacity than the specific injury would naturally produce, or causes an abnormal and unusual incapacity with respect to the member, an employee is not limited in his or her recovery to the amount allowed under the schedule for injury to one member.”
Bell v. Driskill, 282 Ala. 640, 646, 213 So.2d 806, 811 (1968).
In its order, the trial court noted that Uptain was given an impairment rating of five percent to the body as a whole by Dr. Cool and a five percent permanent partial impairment to the leg by Dr. Welsh. Because there is evidence to support a finding that Uptain suffered an injury that “affects the other parts of the body” and that the injury caused “an abnormal and unusual incapacity,” the trial court was not required to base Uptain’s recovery on the schedule set out in § 25-5-57(a)(3)a. Russell Corp. v. Wurtz, 625 So.2d 810 (Ala.Civ.App.1993).
ACIPCO also argues that the trial court erred in considering evidence of vocational disability because, it says, Uptain returned to work at a wage greater than his pre-injury wage. The trial court cannot consider any evidence of vocational disability if an injured worker returns to work at a wage equal to or greater than his pre-injury wage. § 25-5-57(a)(3)(i), Ala.Code 1975. The term “wage” is construed to mean average weekly earnings. § 25-5-1, Ala.Code 1975.
ACIPCO presented evidence that Uptain has his own lawn-care business, from which he earns more money than he can working overtime for the company. ACIPCO contends that Uptain voluntarily declines to work overtime because he can make more money using that time working for his own business. At the time of the accident, Uptain had been working at ACIPCO for three months. His average weekly wage at that time was $491.55. His hourly wage was $9.06, and he worked an average of 60 hours a week. Uptain now works at an hourly wage of $10.64. However, Uptain presented evidence that because of his injury, he is no longer physically able to do the heavy shoveling required when he works overtime. Therefore, he works only a 40-hour week, and his average weekly wage is less than it was before the accident.
*380 There was substantial evidence presented to support the trial court’s finding that, because of his injury, Uptain’s average weekly wage is lower than it was before the injury. Therefore, the trial court did not err in considering evidence of vocational disability.
ACIPCO also contends that the trial court erred in awarding Uptain temporary total disability benefits from January 22, 1993, to January 1, 1995. Uptain was out of work from the November 20, 1992, accident until January 22, 1993, when he returned to work full time. He received temporary total benefits for the nine-week period he was out of work.
“Temporary total disability is established by direct evidence of wage loss, not by one’s loss of ability to earn.” Robbins Tire & Rubber Co. v. Byrd, 659 So.2d 672, 674 (Ala.Civ.App.1995), citing TG & Y Stores Co. v. Higdon, 437 So.2d 1035 (Ala.Civ.App.1983). This court has held that temporary total disability applies to the time when the employee is recovering from his injury and is unable to work. TG & Y Stores Co., 437 So.2d 1035; Speigner v. McGhee, 55 Ala.App.384, 316 So.2d 215 (1975).
Because Uptain was working full time from January 22,1993, to January 1,1995, he is not entitled to temporary total benefits for that period. That portion of the judgment awarding Uptain temporary total benefits from January 22,1993, to January 1, 1995, is reversed. Otherwise, the judgment is affirmed. The cause is remanded to the circuit court for the entry of a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., concurs.
THIGPEN, J., concurs in the result only.