753 So.2d 515 (1999)
DISCOVERY ZONE
v.
Buster K. WATERS.
2980708.
Court of Civil Appeals of Alabama.
November 19, 1999.
*516 Brent A. Tyra and J. Wesley Hughes of Smith, Tyra & Thomas, L.L.C., Alabaster, for appellant.
Clifford W. Hardy, Jr., Bessemer, for appellee.
THOMPSON, Judge.
On February 21, 1996, Buster K. Waters sued his former employer, Discovery Zone, to recover workers' compensation benefits. Waters alleged in his complaint that in December 1994, during the course of his employment with Discovery Zone, he had injured his lower back. Waters also alleged that he reinjured his back in March 1995, April 1995, June 1995, and July 1995. Waters also alleges that he injured his right thumb while working for Discovery Zone in January 1995.
On November 23, 1998, the court held a hearing in which it received ore tenus evidence. On December 16, 1998, the court entered a judgment finding that Waters had incurred a 30% permanent partial disability to the body as a whole as a result of his injuries.
Waters and Discovery Zone filed post-judgment motions pursuant to Rule 59, Ala. R. Civ. P. Discovery Zone's motion was denied on February 5, 1999. Waters's motion was denied by operation of law; he did not appeal. Discovery Zone timely appealed.
"In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence." § 25-5-81(e)(2) Ala. Code 1975. "[S]ubstantial evidence is evidence of such weight and quality that fairminded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989). Therefore, this court "will not reverse the trial court's finding of fact if that finding is supported by substantial evidence." Ex parte Trinity Indus., Inc., 680 So.2d 262, 268-69 (Ala. 1996).
Waters testified at trial that he originally injured his back in December 1994 while unloading items from a truck and moving them into a Discovery Zone store. Waters did not miss any time from work because of this injury. Waters claims to have reinjured his back four times after that first alleged injury.
In April 1995, for the first time, Waters received medical treatment for an injury to his back. In September 1995, Discovery Zone eliminated Waters's position and terminated his employment. Waters testified that he suffered almost continual back pain as a result of his injuries at Discovery Zone.
Discovery Zone paid Waters $18,169.19 in salary for 1995.[1] After Discovery Zone *517 terminated his employment, Waters began working for the City of Homewood as a recreational director. Waters's tax records reflect that he earned $23,292 in 1996 while employed by the City of Homewood.
Under the Workers' Compensation Act, compensation due an employee for an injury to a nonscheduled member is governed by § 25-5-57(a)(3)g., Ala.Code 1975. According to that section, a permanent, partial disability is compensable according to the claimant's loss of earning capacity.
"For a permanent partial injury, the measure of workmen's compensation is loss of earning capacity. If an employee's post-injury wages are the same or higher than his pre-injury wages, a presumption arises that no loss of earning capacity has occurred. The presumption may be rebutted by evidence which demonstrates incapacity or which explains why the higher wages are an unreliable basis for determining the employee's earning capacity."
Johnson v. Alabama Power Co., 670 So.2d 39, 41-42 (Ala.Civ.App.1993) (citations omitted); see, e.g., Bolding v. Fluorocarbon Co., Reeves Rubber Div., 660 So.2d 1308, 1310 (Ala.Civ.App.1995) (holding that claimant's loss of earning ability is the determining factor); and Smither v. International Paper Co., 540 So.2d 760, 762 (Ala.Civ.App.1989) (stating that the amount of compensation due an employee is governed by § 25-5-57(a)(3)g. and that loss of earning ability is the determining factor).
Section 25-5-57(a)(3)i., Ala.Code 1975, governs the award of permanent partial-disability benefits when a claimant returns to work at a wage higher than the wage he was earning at the time of his injury. That section provides in pertinent part that if
"an injured worker returns to work at a wage equal to or greater than the worker's pre-injury wage, the worker's permanent partial disability rating shall be equal to his or her physical impairment and the court shall not consider any evidence of vocational disability."
§ 25-5-57(a)(3)i.
Because Waters's earnings are higher than they were when he claims to have been injured, the law presumes that he has suffered no loss of wage-earning capacity. See Brown v. Champion Int'l Corp., 693 So.2d 24, 27 (Ala.Civ.App.1996). Therefore, we will address the question whether Waters presented substantial evidence to rebut that presumption.
This court has explained how the employee can rebut that presumption:
"`"the presumption may be rebutted by evidence independently showing incapacity or explaining away the post-injury earnings as an unreliable basis for estimating capacity. Unreliability of post-injury earnings may be due to a number of things; increase in general wage levels since the time of the accident; claimant's own greater maturity or training; longer hours worked by claimant after the accident; payment of wages disproportionate to capacity out of sympathy to claimant; and the temporary and unpredictable character of post-injury earnings."'"
Brown, 693 So.2d at 27 (quoting an earlier case and 2 A. Larson, The Law of Workmen's Compensation § 57.21(d) (1987)).
In its judgment the trial court found that Waters was in considerable pain while he was employed at Discovery Zone and that in his job for the City of Homewood he continues to work with pain. The trial court further found that Waters has been able to continue working despite this pain *518 "because he is highly motivated due to his love of his current job."
Waters admits that his position as a recreational director for the City of Homewood requires extensive physical prowess, and he describes that job as "physically demanding." Waters testified that he enjoys lifting weights for recreation and that this hobby gives him "comfort." As part of his employment duties for the City of Homewood, Waters teaches children how to lift weights, scuba dive, and climb rocks. He frequently rescues children during rock-climbing outings. For recreation, Waters performs karate for the therapeutic value of "kata" in the karate.
Waters testified that he never allowed pain to limit his activities. The only evidence Waters presented to independently establish incapacity was his statements to the effect that he worked despite his pain throughout his occupational and recreational activities.
The record contains no evidence indicating that Waters was assigned a medical-impairment rating or that any permanent restrictions were imposed on him. Therefore, Waters must prove that his post-injury earnings are an unreliable basis for estimating earning capacity. See Brown v. Champion Int'l Corp., 693 So.2d at 27.
Waters presented no evidence of an increase or a decrease in the general population's wage levels, nor did he demonstrate that his maturity or training level had significantly increased since the time of his injury. The record also contains no evidence indicating that the City of Homewood increased Waters's post-injury earnings because of sympathy or compassion, and Waters's job at the City of Homewood is not temporary or uncertain. In fact, the City of Homewood awarded Waters a merit raise based upon his length of service.
Waters presented no evidence indicating that economic or other special necessity required him to work despite his pain. Cf. Beatrice Foods Co. v. Clemons, 54 Ala. App. 150, 306 So.2d 18 (1975) (claimant persisted in working, because of dire economic necessity). Waters also failed to prove his claim that he worked longer hours for the City of Homewood than he worked while employed by Discovery Zone. In response to questions posed on cross-examination, Waters admitted that he was unsure if he actually worked longer hours for the City of Homewood than for Discovery Zone. Waters also failed to present any other evidence to prove that his post-injury earnings were an unreliable basis for estimating his earning capacity.
We are also cognizant of the fact that the Workers' Compensation Act did not "alter the rule that this court does not weigh the evidence before the trial court." Edwards v. Jesse Stutts, Inc., 655 So.2d 1012, 1014 (Ala.Civ.App.1995). However, the trial court's finding that independent evidence demonstrated an incapacity is not supported by substantial evidence. Although we find Waters's work ethic admirable, we conclude that he failed to rebut the presumption that he suffered no loss of earning capacity. See § 25-5-57(a)(3)g., Ala.Code 1975. Because we find no substantial evidence to support the judgment of the trial court, that judgment is reversed and the case is remanded for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
MONROE and CRAWLEY, JJ., concur.
ROBERTSON, P.J., and YATES, J., dissent.
YATES, Judge, dissenting.
It appears to me that the employee presented substantial evidence to rebut the presumption that he did not suffer a loss of earning capacity. I believe the majority has reweighed the evidence in this case; therefore, I must respectfully dissent.
ROBERTSON, P.J., concurs.
NOTES
[1] Waters began working for Discovery Zone in December 1994. Waters's position was eliminated and Discovery Zone terminated his employment in September 1995. Although Waters did not work a full 12 months, in September 1995 Discovery Zone paid him 3 months wages as severance pay and paid him a 62-day "stay bonus." Waters's W2 earnings statement for 1995 includes this severance and bonus and indicates total income from Discovery Zone of $18,169.19 for 1995.