In March 1998, Richard K. Moore (the "worker") sued Pemco Aeroplex, Inc. (the "company"), alleging that he had been injured in the line and scope of his employment and requesting workers' compensation benefits and expenses. After hearing ore tenus evidence, the trial court found the worker to be 35% permanently partially disabled from a work-related injury and awarded benefits accordingly. The company appeals.
Our review of this case is governed by the new Workers' Compensation Act, which states in pertinent part: "In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence." Ala. Code 1975, § 25-5-81(e)(2). Therefore, this court "will view the facts in the light most favorable to the findings of the trial court." Whitsett v. BAMSI, Inc., 652 So.2d 287, 290
(Ala.Civ.App. 1994), overruled on other grounds, Ex parte Trinity Indus.,Inc., 680 So.2d 262 (Ala. 1996). Further, this court "will not reverse the trial court's finding of fact if that finding is supported by substantial *Page 217 
evidence — if that evidence is supported by `evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West [v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870, 871 (Ala. 1989)]; [Ala. Code 1975,] § 12-21-12(d)." Ex parte Trinity Indus. at 268.
The company argues that the trial court erred by considering evidence of a vocational disability because the worker returned to work earning the same rate of pay or an increased rate. The company argues that the trial court should have applied Ala. Code 1975, § 25-5-57(a)(3)i., the "return-to-work" provision, which states in pertinent part:
 "If, on or after the date of maximum medical improvement, . . . an injured worker returns to work at a wage equal to or greater than the worker's pre-injury wage, the worker's permanent partial disability rating shall be equal to his or her physical impairment and the court shall not consider any evidence of vocational disability."
The presumption that a worker who returns to work earning the same wages or increased wages has no loss of earning capacity
 "`"may be rebutted by evidence independently showing incapacity or explaining away the post-injury earnings as an unreliable basis for estimating capacity. Unreliability of post-injury earnings may be due to a number of things; increase in general wage levels since the time of the accident; claimant's own greater maturity or training; longer hours worked by claimant after the accident; payment of wages disproportionate to capacity out of sympathy to the claimant; and the temporary and unpredictable character of post-injury earnings.'"
Brown v. Champion Int'l Corp., 693 So.2d 24, 27 (Ala.Civ.App. 1996), quoting Jim Walter Resources, Inc. v. Hall, 516 So.2d 690,691 (Ala.Civ.App. 1987) (quoting 2 A. Larson, The Law ofWorkmen's Compensation § 57.21(d) (1987)).
The worker had been employed by the company as an aircraft mechanic. His job duties required him to use power tools. He injured his wrist in October 1995. He returned to work in February 1996 with certain restrictions; one restriction was that he not use power tools such as impact and torque wrenches. Upon returning, the worker was employed as an inspector; an inspector's duties were within his restrictions. He earned the same salary he had earned as a mechanic. The worker testified that he performed the duties of an inspector, but that the company also required him to perform the duties of a mechanic and required him to work outside his restrictions. The worker testified that he resigned in April 1996 after the company had denied him a leave of absence based on his inability to perform mechanic's duties that were outside his restrictions.
Although the worker returned to work earning the same salary he had earned before he was injured, the worker presented substantial evidence that rebutted the presumption that he had no loss of earning capacity. As stated above, the worker testified that he was required to do mechanic work outside his restrictions in addition to the work of an inspector. The worker further testified that he was unable to perform the duties of a mechanic, and he testified that he attempted to perform that work for two months before he left his employment. The worker's testimony indicating that he was unable to perform his job is evidence suggesting that his post-injury earnings are not a reliable measure of his incapacity.
The company argues that the worker left his employment without good cause, and, therefore, that the return-to-work provision should apply to preclude the evidence of the worker's vocational disability. The company's argument is misplaced. *Page 218 
The company is relying on the following provision of §25-5-57(a)(3)i.:
 "Notwithstanding the foregoing, if the employee has lost his or her employment under circumstances other than any of the following within a period of time not to exceed 300 weeks from the date of injury, an employee may petition a court within two years thereof for reconsideration of his or her permanent partial disability rating . . . ."
By its terms, this provision applies only in a case where the worker has already been assigned a disability rating and is petitioning the trial court to reopen the worker's case to reconsider that rating based on the loss of his or her job. In this case, the worker is not petitioning the trial court to reopen his case, but has filed a complaint to seek benefits, for the first time.
The trial court properly considered vocational-disability evidence in finding the worker to be 35% permanently partially disabled. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
Robertson, P.J., and Yates, Monroe, and Thompson, JJ., concur.