MURDOCK, Judge,
concurring in the result.
This case presents a question of statutory construction as to which our Legislature has provided little guidance: whether an injured employee’s return to work in the same employment in which she was injured, when her postinjury wages from that employment are equal to or greater than the preinjury wages she earned from that employment, triggers the provisions of § 25 — 5—57(a)(3)i., Ala.Code 1975, even if the employee’s total postinjury wages are less than her total preinjury wages because she is unable to return to work for all of the employers for which she worked at the time of her injury. One can envision various policy concerns that would lend support to both the employer’s position and the employee’s position on this question. However, because this court is not a policy-making body, we are left in this case to reach a conclusion based on what little evidence of legislative intent can, with the aid of one decision by our Supreme Court on a related issue, be discerned from the statutory language and scheme of the Workers’ Compensation Act.
Upon my initial review of this case, it appeared to me that a holding in favor of the employer in regard to the question presented would be at odds with this court’s opinion in Discovery Zone v. Waters, 753 So.2d 515 (Ala.Civ.App.1999) (holding in favor of an employer based on § 25-5-57(a)(3)i., where an employee’s postinjury earnings in a job other than the job in which the employee was injured were higher than his preinjury earnings). Yet, in order to hold for the employee, it appeared that this court would have to reject the analysis implicit in American Cast Iron Pipe Co. v. Uptain, 680 So.2d 378 (Ala.Civ.App.1996) (declining to extend the benefit of § 25-5-57(a)(3)i. to an employer, apparently concluding that the employee’s ability to “return” to an employment other than that in which he was injured was not relevant for purposes of § 25-5-57(a)(3)i.). Upon further review of the question presented, I conclude that the employer should prevail in the present case.
Section 25-5-57(a)(3)g., Ala.Code 1975, provides that, except as otherwise “enumerated” in § 25-5-57(a)(3), compensation is to be a percentage of the difference between “the average weekly earnings of the worker at the time of the injury” and “the average weekly earnings he or she is able to earn” after the injury. Obviously, in order for such a formula to make sense, it must contemplate a comparison of like things. Clearly, therefore, when an employee holds more than one job at the time of a work-related injury, the formula was not intended to require a comparison of the employee’s postinjury earning capacity from all of the jobs in which the employee continues to work, on the one hand, with his or her preinjury earnings from only the one job in which the injury occurred, on the other hand. Nor can a meaningful computation be made based upon a comparison of an employee’s postinjury earning capacity from only the one job in which the employee was injured, with the employee’s total preinjury earnings from all of the jobs he or she held before the injury *1085 occurred. Logically, we must compute either the difference in the employee’s pre-injury earnings from the one job in which the employee was injured and his or her postinjury earning capacity in that same job, or we must compute the difference in the total preinjury earnings from all of the jobs held by the employee prior to the injury with the employee’s total postinjury earning capacity from all of those same jobs.
Neither of the above approaches is necessarily dictated by the Legislature’s references in § 25-5-57(a)(3)g. to “average weekly earnings.” Likewise, the provision in the first sentence of § 25-5-57(b), Ala. Code 1975, for compensation to be computed “on the basis of average weekly earnings” could be consistent with either approach. We are provided guidance, however, by our Supreme Court’s interpretation of the next sentence in § 25-5-57(b), which states that “[ajverage weekly earnings shall be based on the wages ... of the injured employee in the employment in ivhich he or she was working at the time of the injury.” (Emphasis added.) As the majority opinion correctly notes, uncertainty over the meaning of the emphasized clause was resolved by our Supreme Court in Ex parte Fryfogle, 742 So.2d 1258 (Ala.1999), when it held that this clause referred only to the particular employment in which the injury occurred, not all of the “employments” in which the employee was working at the time of the injury. Accordingly, I conclude that, in a case in which an employee returns to work in the particular job in which he or she was injured and earns wages in that job equal to or greater than those he or she earned in that job prior to the injury, it would be inconsistent with the method of calculating compensation benefits described in § 25-5-57(a)(3)g., as dictated by § 25-5-57(b) and the Supreme Court’s interpretation of that provision in Fryfogle, not to apply § 25-5-57(a)(3)i.’s return-to-work provision when the employee’s total post-injury wages are less than his or her total preinjury wages because the employee is unable to return to work at all of the jobs he or she held at the time of injury.
With respect to this court’s decision in Discovery Zone v. Waters, it appears from a closer examination of that case that, in fact, after his injury, the employee in that case did return for a period of time to the same employment in which he was injured. See 753 So.2d at 516-17. I therefore believe that the result in Discovery Zone can be reconciled with the result reached in the present case.[2]
Citing Discovery Zone and Perneo Aeroplex, Inc. v. Moore, 775 So.2d 215 (Ala.Civ.App.1999), the employee in the present case also argues that her postinjury wages from the one job in which she was injured are not a reliable indicator of her postinju-ry earning capacity. Her brief to this court offers little discussion on this issue. Moreover, notwithstanding this court’s analysis in Discovery Zone and Perneo, I *1086 question whether such an argument, even if supported by the facts in a given case, can be made after the adoption of § 25-5-57(a)(3)i.
Prior to 1992, the Workmen’s Compensation Act merely provided that, in all cases not otherwise enumerated in § 25-5-57(a), an employee’s permanent partial disability was a function of the difference in the employee’s actual earnings before the injury and his or her capacity to earn after recovering from the injury. This court adopted a presumption that postin-jury earning capacity corresponded to actual postinjury earnings — whether equal to, greater than, or less than pre-injury earnings — but allowed this presumption to be rebutted by evidence indicating that the employee’s postinjury earnings were not a reliable indicator of his or her post-injury earning capacity. See Brown v. Champion Int’l Corp., 693 So.2d 24 (Ala.Civ.App.1996); Jim Walter Resources, Inc. v. Hall, 516 So.2d 690 (Ala.Civ.App.1987) (citing 2 A. Larson, The Law of Workmen’s Compensation § 57.21(d) (1987)). This approach helped prevent employers from simply paying full wages to an employee until the statute of limitations expired on the employee’s claim for permanent disability benefits. The Legislature, however, evidently perceived this judicial approach as providing significant compensation in many cases to undeserving employees, i.e., those who had lost little or no wages due to a work-related injury.
The legislative solution adopted in 1992 was a compromise that limited the amount of benefits available to employees who return to work making wages equal to or higher than those they made before their injury. With the adoption of § 25-5-57(a)(3)i., such employees are entitled to benefits based only on their degree of physical impairment; evidence of vocational impairment may not be introduced. To protect the employee, however, the statute allows a right of action beyond the general statute of limitations if the employee is subsequently terminated under certain circumstances. In reading § 25-5-57(a)(3)i., I see a straightforward rule that is not couched in terms of a presumption such as that which was employed by the courts prior to that statute’s adoption; nor do I see any language allowing an employee to rebut any such presumption.
While it is true that the Workers’ Compensation Act is to be construed so as to effect its beneficent purposes, we may not give the Act a construction not fairly and reasonably supported by its language. Ex parte Beaver Valley Corp., 477 So.2d 408 (Ala.1985).
Based on the foregoing, I concur in the result reached by the majority opinion.

. Furthermore, the employee's job with Discovery Zone (the employment in which he was injured) was simply eliminated by the employer some time after the employee returned to that job, and the job that the employee then took with the City of Homewood merely took the place of the Discovery Zone job. 753 So.2d at 516. It appears from this court's discussion that the City of Homewood job was equally or more demanding on the employee than the job in which the employee was injured; there was no indication in Discovery Zone, as there was in American Cast Iron Pipe Co. v. Uptain, that the employee failed to earn equal or higher post-injury wages from the same employment in which he was injured because he was unable to do so. Compare Discovery Zone, 753 So.2d at 517-18, with Uptain, 680 So.2d at 379-80. See also 1 Terry A. Moore, Alabama Workers’ Compensation § 13:52 (1998).