THOMPSON, Presiding Judge,
concurring in part and concurring in the result.
The main opinion, without invitation from either party, overrules controlling precedent relative to the interpretation and application of § 25-5-57(a)(3)i., Ala. Code 1975 (“the return-to-work statute”). Because I conclude that overruling that precedent is not necessary to a proper disposition of the appeal, I concur only in the result as to that issue.
As the main opinion notes, Joseph Grace argues that the return-to-work statute ere- *918 ates a presumption that an employee who returns to work at a wage equal to or greater than his or her pre-injury wage has not suffered a loss of earning capacity, but that this presumption is rebuttable, so that, in the proper case, an employee can show that he or she has lost earning capacity despite having returned to work at a wage equal to or greater than his or her pre-injury wage. Grace’s argument is based on this court’s decisions in Lanthrip v. Wal-Mart Stores, Inc., 864 So.2d 1079 (Ala.Civ.App.2002); Pemco Aeroplex v. Moore, 775 So.2d 215 (Ala.Civ.App.1999); and Discovery Zone v. Waters, 753 So.2d 515 (Ala.Civ.App.1999). My review of the record leads me to conclude that, applying the above-noted decisions," the trial court could have found that Grace did not, in fact, rebut the presumption identified in those cases and, as a result, that the trial court did not err in failing to consider any lost earning capacity on Grace’s part in awarding compensation. The main opinion reaches the same conclusion, i.e., that the trial court did not err in failing to consider Grace’s lost earning capacity, if any, but it does so by rejecting the controlling precedents on this issue.
Recently, our supreme court stated that “ ‘[sjtare decisis commands, at a minimum, a degree of respect from this Court that makes it disinclined to overrule controlling precedent when it is not invited to do so.’ ” Ex parte Carlisle, 26 So.3d 1202, 1207 n. 2 (Ala.2009) (quoting Moore v. Prudential Residential Servs. Ltd. P’ship, 849 So.2d 914, 926 (Ala.2002)). The main opinion fails to apply this maxim and, instead, simply determines to right a perceived wrong in our prior interpretation of the return-to-work statute of which no one in this case has complained. To the extent the main opinion, sua sponte, embarks on this new direction with regard to the interpretation of the return-to-work statute, I concur only in the result the main opinion ultimately reaches. As to the other issues presented on appeal, however, I concur fully in the main opinion.